GRIMES et al. v. BOSQUE COUNTY.

No. 2945.

Court of Civil Appeals of Texas. Waco.

May 10, 1951.

Rehearing Denied June 7, 1951.

Joseph A. Chandler, C. O. McMillan, Stephenville, for appellants.

Fitzpatrick & Dunnam, and W. V. Dunnam, Jr., all of Waco, for appellee.

TIREY, Justice.

Bosque County, acting by order of its Commissioners Court, brought this suit against George H. Grimes individually and New Amsterdam Casualty Company as surety on his bond as sheriff to recover certain excess mileage fees paid to defendant, Grimes, while in the discharge of his duties as sheriff. At the close of the testimony plaintiff and defendants made motions for instructed verdicts. The court granted plaintiff's motion and overruled defendants' motions and judgment was entered to the effect that plaintiff recover against George H. Grimes and New Amsterdam Casualty Company, his surety, the sum of $4022.97, with interest at six per cent per annum from date of the judgment. Defendants seasonably excepted to the action of the court and have perfected their appeal. The Surety Company also recovered judgment over against defendant Grimes, but this part of the judgment is not assailed.

There was no request for findings of fact and conclusions of law and none filed, but we find certain findings of fact in the judgment which we deem pertinent to state: That defendant Grimes was the duly elected and qualified sheriff of Bosque County for the years beginning January 1, 1947 and ending December 31, 1948; that said sheriff made his bond as required by Art. 6866, Vernon's Ann.Civ.Stats., the New Amsterdam Casualty Company being his surety; that the penal amount stated in the bond was the amount of $3000 instead of the minimum sum of $5000, as provided by the above statute, and that it was the intention of said Sheriff and Bonding Company that said bond be in compliance with the statute, and the court found that such statute was written into the bond and formed a part of the obligation; that during the

year 1947 Bosque County owned and furnished to defendant Grimes an automobile to be used by him in the performance of his official duties and that such car was used by him and that said sheriff, in the performance of his duties, operated such car a distance of 18,640 miles, and during such year Bosque County paid (upon monthly expense reports and accounts of defendant Grimes) all of the costs of gasoline and oil used in the operation of such automobile and the cost of washing and greasing and the upkeep of same, and that defendant sheriff unlawfully demanded from Bosque County and unlawfully received from said county cash in the amount of ten cents per mile for each mile traveled by him in said automobile, and that same was paid to him out of county funds in the amount of $1864, and that such sum was so paid without authority of law, and that it was paid voluntarily by Bosque County without legal authority; that during the year 1948 Bosque County owned and furnished defendant Grimes an automobile which was owned by Bosque County for use by said sheriff in the performance of his duties, and that such sheriff did so use the same, and during the year 1948 he reported in his expense account the driving of such automobile in the performance of his duties a distance of 44,502 miles; and that such mileage was shown without dispute; that during the year 1948 defendant Grimes furnished out of his own funds the cost of gasoline and oil, washing and greasing, and the necessary upkeep of said automobile the sum of $2268.98; and that he was entitled to various other credits totaling $402.75, making total credits of $2671.73; that during the year 1948 the sheriff in his monthly expense account did demand and receive from Bosque County $4450.20, being ten cents per mile for each mile driven by defendant Grimes in the performance of his duties as sheriff in an automobile owned by Bosque County. The court further found in effect that since Bosque County owned the car and paid for all the oil and gas and upkeep for the year 1947, that it overpaid the sheriff for the year 1947 the sum of $1864.00, and overpaid such sheriff for the year 1948 the sum of $1778.47, and found that Bosque County was entitled to recover the total sum of $4022.97 as of April 24, 1950, the date the judgment was entered, with legal interest from date until paid. The court being of the opinion that the evidence was without dispute that Bosque County owned the car, and since the sheriff wrongfully charged for his 1948 mileage under the provisions of subsection (c) of Art. 6877-1, Vernon's Ann.Civ.Stats., when he should have charged for such mileage under subsection (b) thereof, and since Bosque County owned the car and paid all of the expenses incurred thereon for the year 1947, there was no issue to go to the jury and instructed the jury accordingly. We are in accord with the court's views.

Appellant Grimes' first point assails the judgment of the court in excluding the testimony of the witness Martin, former County Judge, to the effect that the County paid for the automobile used by defendant sheriff in the performance of his official duties with the agreement between the Commissioners Court and the sheriff that the cost of the automobile would be paid to the County by the sheriff out of his mileage and fees of office. Defendant Bonding Company's first point is substantially that the court erred in refusing to submit to the jury the ownership of the automobile operated and used by Grimes during the time he was paid ten cents per mile as mileage. We overrule each of these contentions.

Section 52 of Art. 3 of our State Constitution, Vernon's Ann.St., provides in part: "The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, * * *."

Art. 6877-1, Vernon's Ann.Civ.Stats. provides:

"The County Commissioners Courts of this State are directed to supply and pay for transportation of sheriffs of their respective counties and their deputies to

240 S.W.2d—33

and from points within this State, under one of the four (4) following sections:

"(a) Such sheriffs and their deputies shall be furnished adequate motor transportation including all expense incidental to the upkeep and operation of such motor vehicles.

"(b) Motor vehicles shall be furnished to such sheriffs and their deputies who may furnish gas and oil, wash and grease, incidental to the operation of such vehicles; for which gas and oil, wash and grease, such sheriffs and deputies shall be compensated at a rate not to exceed four cents (4¢) per mile for each mile such vehicle is operated in the performance of the duties of his office.

"(c) Alternatively such County Commissioners Courts may allow sheriffs and their deputies in their respective counties to use and operate cars on official business which cars are personally owned by them for which such officers shall be paid not less than six cents (6¢) per mile nor more than ten cents (10¢) per mile for each mile traveled in the performance of official duties of their office.

"(d) All compensation paid under the provisions of this Act shall be upon a sworn statement of such sheriff."

The record is without dispute that when Grimes took the office of sheriff of Bosque County he did not have a car and was unable to purchase one. On the 13th of January, 1947, the Commissioners Court entered a purchase order that provided in part: "One Ford 4-door Sedan to be used and operated by Sheriff, said bids to be filed not later than 10:00 A. M., February 19, 1947, and bids to be for cash on delivery. The court reserves the right to reject any and all bids." This order was duly entered in the Minutes of the Commissioners Court. On the 1st day of April, 1947, the court entered an order to the effect that the County was to pay E. E. Stewart Motor Company for one Ford 4-door 1946 Model, the sum of $1683.43, said Ford car to be used by the sheriff's department only. This order was placed in the Court Minutes. The evidence shows without dispute that Bosque County paid for the car and it necessarily follows that the title passed to Bosque County. The fact that Bosque County, acting through its Commissioners Court, did not make application for registration of title in the name of Bosque County for such car until the 25th of February, 1948, did not affect the County's title to the car and did not put defendant Grimes in position to question such title. Since Bosque County purchased the car for the use of the sheriff and paid for it out of its funds, it was the duty of the sheriff to file his claim for mileage in accord with the provisions of the above article. This he wholly failed to do, because (1) the County owned the car and paid all of the expenses for its use and upkeep for the year 1947 and the sheriff could not lawfully charge any fees for mileage for the year 1947, and (2) since the County owned the car the sheriff's compensation for mileage was controlled by sec. (b) of the above article, but the sheriff wrongfully made his charge for his mileage for the year 1948 under the provisions of subsection (c) of said article. The action of the sheriff in making claim and collecting the ten cents per mile under the provisions of subsection (c) aforesaid for 1947 and 1948 was in direct violation of the provisions of the above statute. Needless to say the Commissioners Court was without authority to make any contract for the sale of the car to the sheriff in conflict with the plain provisions of sec. 52 of Art. 3 of our State Constitution hereinabove quoted, and if said court had done so its action would have been void. In DeMary v. Jefferson County, Tex.Civ. App., 179 S.W.2d 584, we find substantially this statement: The expenditure of public funds is jealously guarded by our Constitution and the Commissioners Court has no authority to make any gratuitous grant of funds or to use the public credit for the benefit of an individual. See points 2–4 and cases there collated. The case at bar illustrates the wisdom of the framers of our Constitution in providing for the foregoing section. It is obvious that sheriff Grimes in no event could have been in position to charge ten cents per mile for mileage until he had acquired the owner-

ship of the automobile, and that he did not do. Further discussion of these points would be of no avail. Because of the views above expressed appellant Grimes' second, third, fourth and fifth points of error are expressly overruled.

Appellants Grimes' sixth point is substantially that the court erred in rendering judgment for recovery of any amount of money paid to the sheriff in the year 1947 for the reason that the two-year statute of limitations pleaded and the proof showed conclusively that such payments were barred. The Bonding Company's third point is substantially to the same effect. We overrule each of these contentions.

■■■ Bosque County filed its original petition on December 30, 1949. On March 11, 1950, Bosque County filed its second amended original petition. We have carefully read each of these pleadings and we are of the opinion that there is no merit in this contention. Art. 5539b, Vernon's Ann.Civ.Stats., Acts of 1931, 42nd Leg., p. 194, Chap. 115, sec. 1, is controlling here. This article has been discussed by our Supreme Court in an exhaustive opinion in Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816. Under the application there made it is our view that the two-year statute of limitations as pleaded does not apply to the factual situation here. The plaintiff's original petition as well as its amended pleading on which it went to trial sought to recover against the sheriff and his bondsman by virtue of the bond executed by such sheriff and his surety. One of the conditions provided by Art. 6866 aforesaid is "* * * and further conditioned that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise * * *" and this provision was written into the bond verbatim. The parties were the same and the defendants knew when they were served with citation that plaintiff sought to recover excessive fees wrongfully and unlawfully charged by the sheriff in the performance of his duties as sheriff of Bosque County. It is true that the second amended pleading was fuller, but the cause of action was not changed. We have considered the plaintiff's original petition and the amended pleading on which it went to trial and since each pleading is grounded on breach of official duty covered by the terms of the sheriff's bond, it is our view that a discussion of the two pleadings in detail would not serve any useful purpose. Needless to say the two-year statute of limitations, Art. 5526, Vernon's Ann.Civ.Stats. does not apply to the action on the bond, but such action is ruled by Art. 5527, Vernon's Ann.Civ.Stats.

■■■ The Bonding Company's second point is substantially to the effect that the court erred in rendering judgment against it for an amount in excess of the penal sum of the bond sued on. We overrule this contention. Art. 6866, aforesaid, provides in part: "Every person elected to the office of sheriff shall, before entering upon the duties of his office, give a bond with two or more good and sufficient sureties, to be approved by the Commissioner's Court of his county, for such sum as may be directed by such Court, not less than Five Thousand ($5,000.00) Dollars nor more than Thirty Thousand ($30,000.00) Dollars payable to the Governor and his successors in office, conditioned that he will account for and pay over to the persons authorized by Law to receive the same, * * *" and the court concluded as a matter of law that defendant Grimes, as sheriff, and his surety, "were at all times obligated on the said bond to Bosque County to the extent of the amount of the minimum sum of Five Thousand ($5,000.00) Dollars provided by law." We are in accord with this view. Our Legislature has the right to fix the public policy of our state and in this instance provided that as a matter of public policy that in order for a sheriff to qualify he *shall* execute a bond in the minimum sum of $5000, conditioned as required by the terms of said article. We think it is without dispute that defendant Grimes and the Bonding Company were attempting to execute such bond for the purpose of enabling the sheriff to qualify in his official capacity to serve as sheriff of Bosque County. "It is well settled that,

516

where a bond is executed with the intention upon the part of all parties to comply with the requirements of a statute, the terms of such statute will become a part of such obligation, by incorporation as it were, even though the bond itself otherwise be silent as to the statutory obligations." See Point 1, Globe Indemnity Co. v. Barnes, Tex.Com.App., 288 S.W. 121, 122; Miller v. State, Tex.Civ.App., 53 S.W.2d 792; Wylie v. Hays, 114 Tex. 46, 263 S.W. 563. In 7 Tex.Jur. 86, sec. 24, we find this statement: "The obligors in a bond executed pursuant to a statute are presumed to have known the terms of the statute and to have contracted accordingly. The statute upon which such a bond rests and to which it relates becomes a part of the bond to the same extent as though incorporated in the instrument and should be read into it, regardless of the intention of the parties." See cases there collated. The reasons for the above rule are so obvious and the rule itself is so well settled that an extended discussion would be of no avail.

Because of the views here expressed, it follows that the judgment of the trial court is in all things affirmed.