

# THE ATTORNEY GENERAL OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 23, 1959

Honorable John T. Forbis
District Attorney
100th Judicial District
Childress, Texas

Opinion No. WW-707

Re: Whether a Commissioners' Court may compensate a Sheriff for the use of his private automobile on official business while the county owned automobile usually used by the Sheriff is being repaired.

Dear Mr. Forbis:

The following is quoted from your recent letter:

"Childress County has provided the Sheriff's Department with two automobiles, and has made provision for their maintenance and operation under Sub-Section B of Article 6877-1, VCS.

"Recently, however, one of the two automobiles required extensive repair and was out of service for approximately two weeks, during which time the Sheriff used his personal automobile for official business.

"It is my opinion that adequate transportation must be furnished, and that under the facts above stated, it would be permissable for the Commissioners' Court to authorize the reimbursement of the Sheriff for his expense, though not mandatory that they do so.

"May I have your opinion on this question?"

Article 6877-1, Vernon's Texas Civil Statutes, provides in part as follows:

"The County Commissioners Courts of this State are directed to supply and pay for transportation of sheriffs of their respective counties and their deputies to and from points within this State, under one of the four (4) following sections:

"(a) Such sheriffs and their deputies shall be furnished adequate motor transportation including all expense incidental to the upkeep and operation of such motor vehicles.

"(b) Motor vehicles shall be furnished to such sheriffs and their deputies who may furnish gas and oil, wash and grease, incidental to the operation of such vehicles; for which gas and oil, wash and grease, such sheriffs and deputies shall be compensated at a rate not to exceed four cents (4¢) per mile for each mile such vehicle is operated in the performance of the duties of his office.

"(c) Alternatively such County Commissioners Courts may allow sheriffs and their deputies in their respective counties to use and operate cars on official business which cars are personally owned by them for which such officers shall be paid not less than six cents (6¢) per mile nor more than ten cents (10¢) per mile for each mile traveled in the performance of official duties of their office." (Emphasis ours.)

It is clear from the statute itself that Commissioners Courts are limited to using only one of the above methods at a time. The question in the fact situation posed by your letter is whether the Commissioners Court would be using the method of compensation provided for in Subsection (b) and the method provided for in Subsection (c) simultaneously.

It was held in Grimes v. Bosque County, 240 S.W.2d 511 (Tex.Civ.App. 1951, error ref. n.r.e.) that where the county bought and furnished an automobile to the sheriff and paid all operating expenses, the sheriff had no right to claim and collect mileage fees at the rate of ten cents per mile under Subsection (c) of Article 6877-1, Vernon's Texas Civil Statutes. The crucial fact in that case was that the county owned the car upon which the sheriff claimed mileage under Subsection (c). The court stated:

". . . It is obvious that sheriff Grimes in no event could have been in position to charge ten cents per mile for mileage until he had acquired the ownership of the automobile, and that he did not do. . . ."

In the instant situation the Sheriff owned and used his personal automobile rather than the county owned automobile. According to your letter, the necessity for repairs to the county owned vehicle prevented it from being used by the Sheriff for approximately two weeks. It is plain that the county was not furnishing an automobile to the Sheriff within the meaning of Subsection (a) or (b) of the statute when the county owned automobile was not available for use by the Sheriff.

In our opinion the Commissioners Court may allow the Sheriff to be compensated under Subsection (c) of the statute when he uses his personally owned automobile in the performance of official duties of his office while the county owned automobile is not available for his use by reason of undergoing necessary repairs.

## S U M M A R Y

The Commissioners Court of Childress County may compensate the Sheriff of such county pursuant to Subsection (c) of Article 6877-1, Vernon's Texas Civil Statutes, when the county owned automobile purchased for the use of the Sheriff in the performance of his official duties is not available for such use by reason of undergoing necessary repairs.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Henry G. Braswell
Henry G. Braswell
Assistant

HGB:zt

APPROVED:
OPINION COMMITTEE
Geo. P. Blackburn, Chairman

B.H.Timmins, Jr.
L. P. Lollar
Ralph R. Rash
J. Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert