**SHERWIN–WILLIAMS COMPANY,**
Appellant,

v.

**AMERICAN INDEMNITY COMPANY,**
Appellee.

**No. 18043.**

Court of Civil Appeals of Texas,
Dallas.

Feb. 8, 1973.

Rehearing Denied March 8, 1973.

Clyde M. Marshall, Jr., Callaway & Marshall, Fort Worth, for appellant.

Harold F. Curtis, Jr., Curtis & Fugitt, Greenville, for appellee.

BATEMAN, Justice.

The question here is whether appellant's suit against appellee was barred by the statute of limitations contained in Article 5472d.[1]

The appellant Sherwin-Williams Company first sued Bobby Rogers, the painting subcontractor, Rowton Construction Company, the prime contractor, and Ken Row Apartments, the owner, to recover for painting materials and supplies furnished to Rogers and to the Rowton company, for attorneys' fees, and for foreclosure of its materialmen's lien on an apartment project.

Appellee was not named as a party and the bond sued on was not mentioned in that original petition, which was filed April 27, 1971. On March 22, 1972, appellant filed its first amended original petition, wherein for the first time it joined appellee as surety on a certain bond signed by Rowton Construction Company, as principal, and by appellee as surety. Appellee timely moved for summary judgment on the ground that the bond in question was executed pursuant to the terms of Articles 5452 et seq., as amended, known as the Hardeman Act; that Article 5472d, in paragraph 6, provides that " * * * no suit may be instituted on such bond after the expiration of fourteen (14) months from the date of his compliance with paragraph 4 [2] of this Article," that the suit was not instituted against it within said period, and was therefore barred. The trial court granted summary judgment on this ground. We affirm.

Paragraph 8 of Article 5472d is as follows:

"8. Any bond which is either furnished and filed in attempted compliance with this Article or which by its express terms evidences its intent to comply with this Article shall in either event be construed to effectuate such intention and all rights and remedies on such bond shall be enforceable in the same manner and under the same conditions and limitations as the bond provided for in this Article."

A copy of the bond in question was before the court. Paragraph 6 thereof is as follows:

"6. The parties execute this bond with the intent to comply with the Hardeman Act, Art. 5472d, T.R.C.S."

On the first page of the bond, in the upper left-hand corner, appears the following leg-

---

1. Unless otherwise indicated, all citations to statutes refer to Vernon's Annotated Civil Statutes, and all references to Rules are to the Texas Rules of Civil Procedure.

2. Paragraph 4 sets forth the manner in which a claim against the bond may be perfected. Compliance with Paragraph 4 is not in question.

end apparently made by rubber stamp, except for the signature:

"APPROVED for filing in compliance with Article 5472d T.R.C.S.
KEN ROW APARTMENTS
By /s/ G. C. Butler
    Joint Venturer
March 28, 1969"

The bond names Ken Row Apartments and Dallas Federal Savings & Loan Association as the obligees, but provides that if the principal shall fail to pay all persons who have contracts directly with the principal for labor or materials furnished pursuant to the contract such persons shall have a direct right of action against the principal and surety, "subject to Obligees' priority." It is in the penal sum of $400,000, describes the apartment project as being covered by contract dated March 28, 1969, is itself dated March 28, 1969, and contains also paragraph 3 as follows:

"3. No suit, action, or proceeding by reason of any default whatever shall be brought on this bond after two years from the day on which the final payment under the Contract falls due."

The first amended original petition, which brought appellee into the case for the first time, was filed within the two year limitation period provided in paragraph 3 of the bond, but not within the fourteen months limitation period specified in paragraph 6 of Article 5472d.

Appellee contends that it appears from appellant's own pleadings that the suit is barred by the limitation provision of the Hardeman Act. Appellant says it shows the existence of fact issues by pleading that appellee had actual notice of appellant's claim and of the pendency of the suit during the fourteen months period, that appellee had expressly promised to pay such claim in due course, that appellant relied on this promise in not bringing suit earlier against appellee, and that appellee had col-luded with the owner and general contractor to obtain federal funding for the project on representations that appellant's claim had been or would be paid.

Our Supreme Court has held that pleadings, whether sworn or unsworn, do not constitute summary judgment proof in favor of the pleader. In Hidalgo v. Surety Savings and Loan Ass'n, 462 S.W.2d 540, 543 (Tex.Sup.1971), the court said:

"Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes."

The court also recognized that summary judgment may be rendered in favor of a defendant on the pleadings when the plaintiff's petition fails to state a legal claim or cause of action. See also Presbyterian Hospital v. National Life & Acc. Ins. Co., 480 S.W.2d 497, 499 (Tex.Civ.App., Dallas 1972, no writ), and cases cited therein. That is the situation we have here, and we hold that appellee was entitled to summary judgment on the pleadings in the absence of any summary judgment evidence supporting appellant's allegations of fact issues. This is not a case in which the motion for summary judgment is "per se a general demurrer to the petition." See Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex.Sup.1972). The motion in this case does more than merely point to defects and omissions in the plaintiff's petition; it demonstrates that the facts alleged by appellant "establish the absence of a right of action or an insuperable barrier to a right of recovery." *Swilley,* supra, p. 67. Appellant's factual allegations are "judicial admissions which obviate proof" by appellee. Presbyterian Hospital v. National Life & Acc. Ins. Co., supra.

■ Appellant argues that the bond in question is insufficient as a matter of law to qualify as a Hardeman Act bond, pointing out several differences between the bond sued on and the bond required by the

statute.[3] However, Section 8 of Article 5472d, quoted above, evidences a legislative intent to make the provisions of the Act applicable to "any bond" furnished and filed in attempted compliance with Article 5472d or which by its express terms evidences an intent to comply with that statute. The bond in the case at bar, though different in several respects from the requirements of the statute, does show on its face that it was *furnished and filed in attempted compliance* with the statute, and that it "by its express terms evidences its intent to comply with" the statute. The conclusion is inescapable that the parties to the bond contracted to be bound by the terms, provisions, conditions and limitations of the Hardeman Act, and that appellant, which sues as an intended beneficiary or obligee of the bond is no less bound.

We have found no Texas case, and have been cited to none, resolving this conflict between the statutory limitation provision and that contained in the bond itself. However, the question has been exhaustively examined and decided in several cases arising under the Miller Act, 40 U.S.C.A. §§ 270a–270d, governing bonds of contractors for public buildings and works. Subsection (b) of § 270b provides that no suit shall be commenced on such a bond "after the expiration of one year after the day on which the last of the labor was performed or material was supplied." In Travis Equipment Co. v. D & L Construction Co. & Associates, 224 F.Supp. 410 (D.C.1963), District Judge John W. Oliver had for decision the question of whether furnishers of materials on a public job were subject to the above limitation provision of the Miller Act, or whether they could rely on the provision in the bond itself for a somewhat longer limitation period. This is essentially the question we have here. It was conceded by the plaintiffs that if the shorter limitation provisions of the Miller Act were controlling the claims were barred. Judge Oliver, in a well reasoned opinion, held that the limitation provisions of the Miller Act prevailed, that "the life of such a statutory cause of action cannot be extended by the insertion of a conflicting provision in the bond without express Congressional authority," which he said was totally lacking.

That case and its rationale were followed in Missouri-Illinois Tractor & Equipment Co. v. D & L Construction Co. & Associates, 337 F.2d 507 (8th Cir. 1964). The same conclusion was reached by the District Court of North Dakota in Economy Forms Corporation v. Trinity Universal Ins. Co., 234 F.Supp. 930 (1964), affirmed in Economy Forms Corporation v. Trinity Universal Ins. Co., 340 F.2d 613 (8th Cir. 1965); certiorari denied, 382 U.S. 813, 86 S.Ct. 30, 15 L.Ed.2d 61.

■ Appellant also contends that the filing of its original petition was sufficient to toll the running of limitations in appellee's favor although appellee was not named as a defendant therein. We do not agree with appellant. The statutory limitation was not tolled as to appellee until it was sued. It was not sued until after the expiration of the fourteen months limitation period. The suit against appellee was therefore barred. First State Bank & Trust Co. of Rio Grande City v. Ramirez, 133 Tex. 178, 126 S.W.2d 16, 18 (1939).

All of appellant's contentions are overruled and the judgment appealed from is affirmed.

---

3. For example, the Hardeman Act requires the bond to be in a penal sum of at least the contract amount but, although the contract indicates an amount in the neighborhood of a million dollars, the bond sued on is in the penal sum of only $400,000.