**Homer A. CASTON, Jr., et al., Appellants,**

**v.**

**TEXAS POWER & LIGHT CO., Appellee.**

**No. 8176.**

Court of Civil Appeals of Texas,
Texarkana.

Nov. 6, 1973.

G. C. Butler, Bonham, Homer R. Caston, Jr., Sherman, James A. Kilgore, Kilgore & Kilgore, Dallas, for appellants.

Buster Cole, Bonham, for appellee.

RAY, Justice.

This is an appeal from a judgment of the District Court of Fannin County awarding attorney's fees. Appellee (plaintiff), Texas Power & Light Company, brought suit against appellants (defendants), Homer R. Caston, Jr., G. C. Butler, J. E. Andrews and the Estate of James E. Fite, deceased, of which Republic National Bank of Dallas is Independent Executor. Appellee's suit was for a debt created when the appellant, operators of two apartment houses, failed to pay appellee for electric service furnished by it to the appellants. The trial court awarded judgment for $6,222.50 against all of the appellants except J. E. Andrews, for electric power furnished to the Ken Row apartments in Commerce, Texas. The court further awarded judgment against all of the appellants for $2,029.01 for electric power furnished to the Shiloh Terrace apartments in Paris, Texas.

The sole complaint of the appellants to the judgment of the trial court arises from the provision allowing the appellee, Texas Power & Light Company, to recover a $750.00 attorney's fee under the provisions of Art. 2226, Texas Revised Civil Statutes. The single point of error submitted to this court by appellants is that Art. 2226, if properly construed, does not permit the recovery of attorney's fees in a suit upon a claim for the value of electric power furnished by appellee to appellants.

■ Prior to the amendment of Article 2226 by the 62nd Legislature in 1971, it had been held in Tenneco Oil Company v. Padre Drilling Company, Inc., 453 S.W.2d 814 (Tex.Sup.1970), "that a corporation cannot have a claim for," "personal services rendered," or for "labor done" within the meaning of Art. 2226. Following the decision in *Tenneco*, the Legislature amended Article 2226 to provide "Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered

. . . may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty days thereafter, the claim has not · been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such persons or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees." Prior to the amendment, Article 2226 provided, "Any person having a valid claim against a person or corporation for personal services rendered. . . ." may recover attorney's fees. It is obvious to this court that the Legislature intended to avoid the holding in *Tenneco* by adding that if a *corporation* has a valid claim for *services* rendered, it might collect attorney's fees. The word corporation was added and the word *personal* was deleted in the first sentence of Article 2226 to avoid the problems announced in *Tenneco,* supra, and Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex.Sup.1962). Our construction of Article 2226 as amended by the 62nd Legislature leads us to hold that appellee corporation can recover for electrical energy furnished to apartment houses owned by appellants. We hold that the furnishing of electrical energy is the furnishing of a *service* within the meaning of Article 2226, as amended by the Legislature in 1971.

■ We find no merit in appellants' contentions that Article 2226, as amended, is invalid and unconstitutional because the caption of the Act is misleading and in violation of Article III, Sec. 35 of the Texas Constitution, Vernon's Ann.St. Article 2226 as amended covers but one subject, and that is, attorney's fees. Article III, Sec. 35 of the Texas Constitution essentially provides that each bill shall contain but one subject, and such subject shall be expressed in the bill's title. We hold that Article 2226 as amended by the 62nd Legislature contains but one subject in its title and its body, that being attorney's fees,

and that the caption of the Act is not in violation of Article III, Sec. 35 of the Texas Constitution.

 Rule 185, Texas Rules of Civil Procedure, does not apply to the claim upon which appellee based its suit, because Rule 185 was not amended by our Supreme Court following the amendment of Article 2226. The present Rule 185 applies to suits for *personal* service rendered and not to *services rendered* as specified in Article 2226. However, we fail to see the materiality of appellants' claim that the "sworn account" provisions of the statute would not apply to the claim of the Texas Power & Light Company in this case. As we understand appellee's suit, it was for services rendered and not a suit founded upon a sworn account. Suits founded upon sworn accounts are completely different from suits for services rendered, as pointed out in the *Tenneco* case, supra.

Appellants' single point of error is respectfully overruled.

The judgment of the trial court is affirmed.