**MAXWELL LUMBER COMPANY, Appellant,**

v.

**The MERLE GREER COMPANY, INC., Appellee.**

**No. 723.**

Court of Civil Appeals of Texas, Tyler.

Nov. 8, 1973.

Law Office of Hulon B. Brown, John S. Ament, Jacksonville, for appellant.

Seale & Stover, Sid S. Stover, Jasper, for appellee.

MOORE, Justice.

This appeal involves the question of whether a corporation may recover attorney's fees for labor under the provisions of Article 2226, Vernon's Ann.Tex.St., as amended by the Acts of the 62nd Legislature, P. 1073, Ch. 225, Sec. 1, effective May 17, 1971. Plaintiff, The Merle Greer Company, Inc., brought suit against defendant, Maxwell Lumber Company, alleging that on May 26, 1971, and upon various dates thereafter, plaintiff, at the special instance and request of defendant, supplied labor to defendant in the regular course of business, for which defendant became obligated to the plaintiff for the sum of $1,950.00; that although timely demand was made for payment, defendant failed and refused to pay the same. Plaintiff prayed for judgment in the amount of its claim for labor and also for a reasonable attorney's fee. Defendant denied generally the allegations of the petition and alleged defensively that the work was not performed in a workmanlike manner. Trial was before a jury. In response to the sole and only special issue submitted, the jury found that the value of the labor furnished to defendant amounted to the sum of $1,665.00. It was stipulated that the sum of $500.00 would be a reasonable and necessary attorney's fee in the event attorney's fees were recoverable under the statute. The trial court rendered judgment on the verdict awarding plaintiff a recovery of $1,665.00, together with an attorney's fee of $500.00. Defendant filed a motion for a new trial but confined its attack solely to that part of the judgment awarding attorney's fees. After the motion for new trial was overruled, defendant duly perfected this appeal.

Defendant urges by a single point of error that the trial court erred in awarding a judgment for attorney's fees, contending that Article 2226, supra, does not authorize a corporation to recover attorney's fees based upon a claim for labor. In support of this proposition defendant relies on the case of Tenneco Oil Company v. Padre Drilling Company, 453 S.W.2d 814 (Tex. Sup.1970).

The record is before us by way of a transcript only. There is no statement of facts.

A review of the pleadings shows that plaintiff's claim was strictly for labor and nothing more. Since the record contains no statement of facts, we do not know why the labor was performed or for what purpose it was performed. We do know, however, that labor was performed because the transcript shows that in response to plaintiff's request for admissions of fact, defendant admitted that plaintiff's employees performed a substantial number of hours of labor for defendant and the jury so found.

The pertinent part of Article 2226, supra, as amended, reads as follows:

"Any person, corporation, partnership, or other legal entity having a valid claim

against a person or corporation for * * * labor done * * * may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such persons or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. * * * "

Prior to May 17, 1971, Article 2226 provided that any *person* having a valid claim against a person or corporation for labor done could recover in addition to the claim and costs, a reasonable amount of attorney's fees if represented by an attorney. The 1971 amendment, as shown above, now provides that any *person, corporation, partnership, or other legal entity* having a valid claim for labor done may recover in addition to its claim and costs a reasonable amount as attorney's fees if represented by an attorney.

The preamble to the amendatory act reads, in part, as follows:

"An Act relating to the recovery of attorney's fees in certain suits in which a person, *corporation,* partnership, or other legal entity obtains judgment for an unpaid claim; * * * " (Emphasis supplied.)

The amended statute, as we read it, is plain, clear and unambiguous and leaves no room for construction. 53 Tex.Jur.2d Statutes, sec. 123, p. 173. As we interpret it, we think the legislature clearly intended to confer upon a corporation the right to recover attorney's fees in a suit strictly for labor, where it finally obtains judgment for any amount thereof.

■ The case of *Tenneco* relied upon by defendant is not controlling for two rea-

sons. First, the case was decided prior to the 1971 amendment and therefore cannot be considered as authoritative in construing the present statute. Secondly, the suit was for damages growing out of a breach of a special contract. As we interpret the holding in *Tenneco*, the court did nothing more than follow the common law rule providing that unless provided for by statute or by contract between the parties, attorney's fees incurred by a party to the litigation are not recoverable. The court then proceeded to deny the corporate plaintiff the right to recover attorney's fees based on the well settled rule that where a party brings suit for damages for the breach of a special contract to do a turn-key job for a finished product or to perform a general service on a turn-key basis, Article 2226 does not extend to or authorize a recovery of attorney's fees in such cases. These principles of law are well established and have been continuously followed by the courts of this State. Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 (1958); Turner v. Turner, 385 S.W.2d 230, 233 (Tex.Sup.1965); Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex. Sup.1962); Kirkwood & Morgan, Inc. v. Roach, 360 S.W.2d 173, 177 (Tex.Civ.App., San Antonio, 1962, writ ref'd n.r.e.); Latham v. Dement, 409 S.W.2d 429, 434 (Tex.Civ.App., Dallas, 1966, writ ref'd n.r. e.); Beck v. Lawler, 422 S.W.2d 816 (Tex.Civ.App., Fort Worth, 1967, writ ref'd n.r.e.); Zummo Cattle Company v. Millard, 482 S.W.2d 17 (Tex.Civ.App., Tyler, 1972, ref'd n.r.e.). The foregoing principles continue to be the law and have not been affected by the 1971 amendment of Article 2226. The statute simply has no application to a suit for damages for breach of a special contract.

■ While *Tenneco* does contain language to the effect that a corporation, as such, cannot perform labor and therefore cannot own a claim for labor under Article 2226, we do not believe this language was

necessary to the ultimate decision in the case and therefore consider it to be mere dicta. *Tenneco* did not involve a situation where a corporation was making a claim strictly for labor. The claim there was for the amount due under a special contract for the drilling of an oil well. The plaintiff in that case sued for damages for breach of a special contract and the court properly refused to allow the plaintiff the benefits of Article 2226 because under such circumstances the statute was simply not applicable. We are not alone in our conclusion that the language used by the majority stating that a corporation could never recover attorney's fees for labor under Article 2226 was dicta. In a concurring opinion in that case Justices Walker and Greenhill point out that such language was not necessary. They were of the opinion that even under the old statute "a corporation may, in a proper case, recover attorney's fees when the claim is strictly for labor done * * *." Under the circumstances we do not feel compelled to follow dicta espoused by the majority, especially in view of the fact that the opinion was handed down prior to the 1971 amendment to the statute.

■ As we see it, the proper interpretation of Article 2226 as amended does not involve the question of whether a corporation, as such, can perform labor. As we view it, the sole and only question is whether the statute as amended confers upon a corporation a legal right to recover attorney's fees where the claim is strictly for labor done by the corporation through its employees. We hold that it does. In so holding we do not regard our opinion as being in conflict with the ultimate holding in *Tenneco*, rather we regard it as a case of first impression under the amended statute.

The judgment of the trial court is affirmed.