**SHERWIN–WILLIAMS COMPANY,**
Petitioner,

v.

**AMERICAN INDEMNITY COMPANY,**
Respondent.

No. B–3944.

Supreme Court of Texas.

Dec. 31, 1973.

Rehearing Denied Feb. 13, 1974.

Callaway & Marshall, Clyde M. Marshall, Jr., Robert C. Carson, Fort Worth, for petitioner.

Harold F. Curtis, Jr., Greenville, for respondent.

McGEE, Justice.

This suit was filed by Petitioner, Sherwin-Williams Company against Ken Row Apartments, the owner, Bobby Rogers, the painting subcontractor, and Rowton Construction Company, the original contractor, to recover for painting materials and supplies furnished to Rogers and to Rowton, for attorney fees, and for foreclosure of a materialman's lien on an apartment project. By amended original petition Petitioner later joined Respondent, named as surety on a bond of which Rowton was principal. The trial court granted Respondent's motion for summary judgment, unsupported by summary judgment proof, on the ground that Hardeman Act limitations, Vernon's Tex.Rev.Civ.Stat.Ann. art. 5472d § 6 (Supp.1972), barred the suit against American Indemnity Company as a matter of law. The court of civil appeals affirmed. 491 S.W.2d 485 (Tex.Civ.App.—Dallas 1973). We reverse the judgments of the trial court and court of civil appeals and remand the case to the trial court.

The judgments of the courts below are predicated upon the theory that the bond incorporated the Hardeman Act limitation period. The Petitioner joined Respondent within the two-year period specified in the bond. Respondent's joinder, however, was untimely if Hardeman Act limitations of fourteen months control. We hold that the bond in question is not a Hardeman Act bond, and that the two-year contractual limitation period controls.

The bond involved was in the sum of $400,000. It was executed in conjunction with a cost-plus construction contract between Ken Row Apartments and Rowton Construction Co., Inc., by Kenneth Rowton, President, to build apartments at a recited cost of $957,435. Named as obligees were Ken Row Apartments as owner and Dallas Federal Savings & Loan Association as lender. The bond is not the type of Hardeman Act bond approved by this Court in Fidelity & Deposit Company of Maryland v. Felker, 469 S.W.2d 389, 392 (Tex.1971), or Trinity Universal Insurance Company v. Barlite, Inc., 435 S.W.2d 849, 851–852 (Tex.1968). Instead, this bond purports to protect the secured lender in the event of default by the principal, as follows:

"WHEREAS, Lender has agreed to lend to Owner-Obligee a sum of money to be secured by a mortgage on said project and to be used in making payments under said Contract, and desires protection as its interests may appear, in event of default by Principal under said Contract, said protection to be subject to the performance by the Obligees, or either of them, of the obligations to Principal in connection with said Contract.

"NOW, THEREFORE, the condition of this obligation is such that, if Principal shall well and truly perform all the undertakings, covenants, terms, conditions and agreements of said Contract on its part, and fully indemnify and save harmless Obligees from all cost and damage which they may suffer by reason of failure so to do, and fully reimburse and repay Obligees all outlay and expense which Obligees may incur in making good any such default, and further, *that if Principal shall pay all persons who have contracts directly with Principal for labor or materials furnished pursuant to the provisions of said Contract, failing which such persons shall have a di-*

rect right of action against Principal and Surety under this obligation, subject to Obligees'. priority, then this obligation shall be null and void; otherwise it shall remain in full force and effect." [Emphasis added].

A contractual limitation of two years from the day on which final payment under the contract falls due is provided. The aggregate liability of the surety is limited to the face of the bond ($400,000). The bond concludes, "6. The parties execute this bond with the intent to comply with the Hardeman Act, Art. 5472d, T.R.C.S."

Subsection 1 of Art. 5472d provides that the bond be "in a penal sum not less than the total of the original contract amount." It further requires that the bond shall be conditioned upon "the prompt payment of all labor, subcontracts, materials, and specially fabricated materials, as defined in Article 5452 hereof, and [certain] extras. . . ." These requirements are part of a general statutory scheme whereby a payment bond executed by an original contractor is substituted for the relief that might be sought by suits against the owner and his property by subcontractors, laborers, and materialmen. Fidelity & Deposit Company of Maryland v. Felker, supra, at 390; Youngblood, Mechanics' and Materialmen's Liens in Texas, 26 Sw.L.J. 665, 699 (1972).

■ ■ We hold notwithstanding paragraph six of the bond that it fails to qualify as a Hardeman Act bond. Although the bond executed by Rowton as principal does not purport to give even half the coverage required by subsection 1, the surety argues the Hardeman Act limitations and removal of the owner's property as security should nevertheless be applicable. We disagree. The Petitioner alleges that it supplied materials directly to Rowton; it therefore appears that Petitioner is a subsidiary obligee of the bond, having a direct cause of action against the surety. Fireman's Fund Ins. Co. v. Abilene Livestock Auction Co., 391 S.W. 147 (Tex.Civ.App.—Dallas 1965,

writ ref'd n. r. e.). Since Petitioner joined the Respondent within the limitation period of the bond, it was error to grant Respondent's motion for summary judgment.

■ Respondent argues that a holding that the Hardeman Act limitations period does not apply in the instant case is prevented by the language of Art. 5472d § 8. That subdivision provides as follows:

"8. Any bond which is either furnished and filed in attempted compliance with this Article or which by its express terms evidences its intent to comply with this Article shall in either event be construed to effectuate such intention and all rights and remedies on such bond shall be enforceable in the same manner and under the same conditions and limitations as the bond provided for in this Article."

Respondent argues that the statement of intent to comply with the Hardeman Act contained in the bond shows both an express intent to comply with the Act and, together with a file mark on the bond, that it was furnished and filed in attempted compliance with the Article. Although the words of the statute literally permit such a construction, we are unwilling to construe those words to frustrate the legislature's presumed intent to provide full payment to laborers, subcontractors and materialmen under a bond in lieu of an action against the owner and his property. We do not consider that the legislature intended to permit a single statement of intent to overcome the obvious inadequacy of protection as compared to the requirements of the Act. The substantial defect in amount of the express terms of the Rowton bond conclusively rebuts any argument that the bond was furnished and filed in attempted compliance with the Hardeman Act, or that there was any intent to comply with the requirements of the Act. We find no authority authorizing a court to more than double the penal sum to make it comply with subsection 1 of Art. 5472d.

In Grimes v. Bosque County, 240 S.W.2d 511 (Tex.Civ.App.—Waco 1951, writ ref'd n. r. e.) we held a surety on a bond given in purported compliance with Art. 6866, V.A.C.S., liable on the bond to the extent of a statutory minimum. Article 6866 required all persons elected sheriff to give a bond in an amount set by the Commissioners' Court of the County in an amount not less than five thousand nor more than thirty thousand dollars. Despite the statute Grimes gave a bond in the amount of three thousand dollars. The county sued Grimes and the surety for monies wrongfully advanced to Grimes for automobile expenses. The county obtained judgment for $4022.-97, plus interest from date of judgment. On appeal the surety argued it error to give judgment against it for more than the $3000 penal sum specified in the bond. The court of civil appeals affirmed, holding that a bond undisputedly attempting to comply with Art. 6866 incorporated the statutory minimum. Two elements of *Grimes* are not present here. Looking to Art. 5472d does not disclose a minimum permissible penal sum as does Art. 6866. Also, compliance with Art. 5472d is elective, while compliance with Art. 6866 was *required* by all persons taking the office of sheriff. With Rowton free to give bond in any amount, or not to give any bond at all, we view *Grimes* as not controllling.

■ Although we can construe subsection 8 as permitting modification of a nonconforming bond to include parties not named in the bond, or to realign priorities between obligees of the bond to comport with the statutory scheme, we do not view it as permitting increasing the penal sum to the amount here involved.

The judgments of the trial court and the court of civil appeals are reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Dissenting opinion by WALKER, J., in which GREENHILL, C. J., joins.

WALKER, Justice (dissenting).

I respectfully dissent. Paragraph 6 of the bond in the present case provides:

6. The parties execute this bond with the intent to comply with the Hardeman Act, Article 5472d, T.R.C.S.

The specifications set out in Section 8 of Article 5472d are stated in the alternative, and the section plainly covers and includes any bond that is either (1) furnished and filed in attempted compliance with the Hardeman Act, or (2) by its express terms evidences an intent to comply with the Act. It is clear then that the section does not apply only to bonds in amounts at least approaching those required by the Act. The legislative mandate is not limited to bonds whose provisions are similar in most respects to those set out in the statute. These might be relevant considerations in determining whether a bond was "furnished and filed in attempted compliance with the Article," but that is not the question here. Regardless of the penal amount or any other provision of the bond in the present case, the parties stated in so many words that they intended to comply with the statute. The Legislature has declared in plain and unequivocal language that "any bond . . . which by its express terms evidences its intent to comply with this Article shall in either event be construed to effectuate such intention and all rights and remedies on such bond shall be enforceable in the same manner and under the same conditions and limitations as the bond provided for in this Article." *Any bond!* And yet the Court holds that the statute applies not to "any bond" but only to bonds in amounts and with provisions not too different from those required by the Act.

The principle declared by Section 8 is not strange to our law. For many years the courts have been holding, without the aid of a legislative directive, that a statute which provides for the giving of a bond becomes a part of the bond. See 12 Am.

Jur.2d, Bonds, § 26. The fact that the penal amount of the bond in the present case is substantially less than the original contract price is not of controlling importance. By reading the provisions of the statute into the bond, the surety may be held liable for more than the amount stated in the bond. Grimes v. Bosque County, Tex.Civ. App., 240 S.W.2d 511 (wr. ref. n. r. e.).

The bond in the present case satisfies every essential requirement of Section 8. In my opinion we should obey the plain statutory mandate and hold that all rights and remedies of the parties are governed by the provisions of Article 5472d. Unless that is done in this and other cases, the parties to the bond as well as laborers, materialmen, and subcontractors will be deprived of the protection the Legislature has declared they shall have under "any bond" which by its express terms evidences an intent to comply with Article 5472d. I would affirm the judgment of the Court of Civil Appeals.

GREENHILL, C. J., joins in this dissent.