MATHEWS CONSTRUCTION
COMPANY, INC., Appellant,

v.

JASPER HOUSING CONSTRUCTION
CO. et al., Appellees.

No. 7658.

Court of Civil Appeals of Texas,
Beaumont.

Sept. 25, 1975.

Rehearing Denied Oct. 16, 1975.

**324**

Addington, McGraw & Lawlis, Jasper, for appellant.

Seale, Stover & Coffield, Adams & Adams, Jasper, for appellees.

STEPHENSON, Justice.

Mathews Construction Company, Inc., brought this action against Jasper Housing Construction Company (Jasper Housing), New Homes, Inc. (New Homes) and Fireman's Insurance Company (Fireman's). The pleadings sought recovery for labor and materials furnished, interest on bank loans, and attorneys' fees. This appeal is from an order granting motions for summary judgment filed by all three defendants.

The summary judgment proof shows plaintiff was paid $11,517.50 by Jasper Housing after this suit was filed, leaving the interest and attorneys' fees as the only money sought to be recovered.

In the judgment granting such motions, the trial court stated that plaintiff's claim for interest paid or owed to First National Bank of Jasper, Texas, and attorneys' fees in connection with such interest claim, is based upon an oral promise and, therefore, barred by the Statute of Frauds and Tex. Bus. & Comm.Code Ann. § 26.01 (1968). A part of that section reads as follows:

"(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it is

"(1) in writing; and

\*    \*    \*    \*    \*    \*

"(b) Subsection (a) of this section applies to

\*    \*    \*    \*    \*    \*

"(2) a promise by one person to answer for the debt, default, or miscarriage of another person; "

In passing upon the points of error raised in this case, we are well aware of the rule stated in a series of cases in which our Supreme Court has held that the burden is upon the movant to establish, as a matter of law, that there is no genuine issue of fact. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). In the case before us, if the trial court was in error in holding the oral agreement unenforceable because of the Statute of Frauds, then there was a genuine issue of fact as to whether that oral agreement was made.

Plaintiff's allegations show it was a subcontractor to do the dirt work on a project in which Jasper Housing was the prime contractor. The agreed price for such subcontract was $13,217.50. Plaintiff's work was completed, but the money was not paid. Plaintiff assigned its lien to the First National Bank of Jasper, Texas, and executed two notes in the total amount of $11,900.75. Jasper Housing guaranteed the payment of such notes, and did in fact pay the Bank $158.61 interest.

Plaintiff attached affidavits to its reply to the motion for summary judgment showing the following: that the work was completed under the subcontract, but the money was not paid. Richard Sarver, president of Jasper Housing, was contacted, and he suggested that plaintiff make a loan from the Bank for sixty days and that Jasper Housing would pay the interest. That the loan was made and Jasper Housing paid $158.61 as interest on such loan.

This point of error is controlled by the law expressed in *Gulf Liquid Fertilizer Co. v. Titus*, 163 Tex. 260, 354 S.W.2d 378 (1962). The oral agreement made by Jasper Housing to pay the interest upon the notes given by plaintiff to the bank is not barred by the Statute of Frauds. That case tells us we must apply three tests in order to determine that question. *First*:

"Was there a promise of primary responsibility to pay, or was there a promise of suretyship?"

According to the summary judgment proof, this was not a promise made by Jasper Housing to the Bank to guarantee the payment of a debt owed by plaintiff to the Bank. This was a promise by Jasper Housing to plaintiff, to pay the interest on a loan by plaintiff from the Bank. *Second*:

"Was there sufficient consideration to support the promise to pay?"

The summary judgment proof was that the money, due plaintiff by Jasper Housing, was past due; and in order to secure more time to make such payment, Jasper Housing agreed to pay the interest on the loan. *Third*:

"Was the consideration such as to remove the promise from the Statute of Frauds?"

In making the meaning of this third question clear, the Supreme Court at Page 386 quotes from 2 Corbin, *Contracts* (1950 Ed.) 284 § 368, partially as follows:

" 'In order to take his promise out of the statute, he [the promisor] must be bargaining for a consideration that is beneficial to himself and that constitutes his primary object of desire.' " (Emphasis omitted.)

As stated above Jasper Housing agreed to pay the interest as a benefit to itself, in order to defer payment of *its* obligation. All these questions must be answered in the affirmative. It was error for the trial court to hold the oral agreement made by Jasper Housing to be barred by the Statute of Frauds.

■ Plaintiff argues that it is entitled to recover attorneys' fees in connection with its claim of interest. The law is well settled that attorneys' fees are not recoverable either in an action in tort or in a suit upon a contract unless provided by Statute or by contract between the parties. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967). There is no summary judgment proof that a contract provides for attorneys' fees, and Tex.Rev.Civ.Stat.Ann. art. 2226 makes no provision for collections of attorneys' fees in connection with a suit for interest.

■ Plaintiff has a point of error that it is entitled to collect attorneys' fees because its pleadings show a cause of action based upon a sworn account. The pleadings and summary judgment proof in the case before us demonstrate that the suit is not founded upon a sworn account within the meaning of art. 2226. Plaintiff's account is not one in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other. *Tenneco Oil Company v. Padre Drilling Company*, 453 S.E.2d 814, 818 (Tex. 1970).

Plaintiff contends that it is entitled to recover its attorneys' fees under Tex.Rev. Civ.Stat.Ann. art. 2226, because this is an action for *services rendered, labor done, material furnished.* Art. 2226 reads in part as follows:

"*Any person, corporation, partnership, or other legal entity* having a valid claim against a person or corporation *for services rendered, labor done, material furnished,* . . . may present the same to such persons or corporation . . . ; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment . . . , he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. . . ." Tex.Rev.Civ.Stat.Ann. art. 2226 (Supp. 1971) (Emphasis supplied.)

At the outset we note that the 1971 amendment deleted the word "personal" from the phrase "for personal services rendered" and added the phrase "corporation, partnership, or other legal entity" to those "persons" who were entitled to collect attorneys' fees under the statute in appropriate circumstances.

■ The jurisprudence of this State precludes us from concluding that the omission of the term "personal" from revised art. 2226 is to be of no effect. It is so well established as to be almost unnecessary for citation that courts, having and possessing no legislative powers, cannot enlarge or alter the plain meaning of statutory language. *Goldman v. Torres,* 161 Tex. 437, 341 S.W.2d 154 (1960). Further, the wording in a statute is to be given its literal interpretation when that wording is clear and unambiguous and any defects or deficiencies must be supplied by the Legislature, not the courts. *Board of Insurance Com'rs. v. Guardian Life Ins. Co.,* 142 Tex. 630, 180 S.W.2d 906, 909 (1944). In applying the above principles to our case, it simply cannot be assumed that the Legislature's deletion of the term "personal" from the amendment to art. 2226 was inadvertent and of no effect.

■ Our Supreme Court has noted the distinction between the terms "services" and "personal services" within the context of art. 2226. In *Van Zandt v. Fort Worth*

*Press,* 359 S.W.2d 893, 895–896 (Tex.1962) Chief Justice Calvert stated that:

"'In ordinary usage the term "services" has a rather broad and general meaning. It includes generally any act performed for the benefit of another under some arrangement or agreement whereby such act was to have been performed. The general definition of "service" as given in Webster's New International Dictionary is "performance of labor for the benefit of another"; "act of instance of helping, or benefiting". The term "personal service" indicates that the "act" done for the benefit of another is done *personally* by a particular individual.'" *Id.,* at 895 [quoting from *Creameries of America v. Industrial Commission,* 98 Utah 571, 102 P.2d 300, 304 (1940)].

\*　　\*　　\*　　\*　　\*　　\*

"'"Services" and "personal services" are not definitely coextensive. Within the meaning of statutes such as that now under consideration and of exemption statutes, *"services" may be rendered though the actual labor be performed by one's employees and by means of his machinery or other equipment,* but "personal services" are those performed by the individual himself.'" *Id.,* at 895–896, [quoting from *Levitt v. Faber,* 20 Cal.App. Supp.2d 758, 65 P.2d 498, 500 (1937)] (Emphasis ours)

We see no reason to refuse the application of the definitions which have been approved by our Supreme Court, and we hereby adopt them. As was stated in *Clark Advertising Agency, Inc. v. Tice,* 490 F.2d 834 (5th Cir. 1974):

"There is no doubt that, in changing 'personal services' to 'services,' the legislature was broadening the coverage of the statute. Thus, despite the oft-repeated assertion that the statute is penal and should be construed narrowly, *Van Zandt v. Fort Worth Press, supra; W. G. Tufts and Son v. Herider Farms, Inc.,* Tex.Civ.App.1972, 485 S.W.2d 300, we hold that it is broad enough to cover

actions on contracts for the sort of advertising and promotional services provided here [whereby the agency was to supply advertising services for a horse race], even though many of those services were not provided by Clark personally but rather by the various advertising and broadcast media retained by him. These services were certainly actions that furthered the end or purpose of promoting the West Palm Beach race, benefiting the A.H.R.A. They clearly fall within the broad and general definition of 'services' as propounded by the Texas Supreme Court." *Id.* at 838.

\*　　\*　　\*　　\*　　\*　　\*

"The amendment apparently changes the result of *Tenneco Oil Co. v. Padre Drilling Co.* . . . .. We think the Texas legislature, in amending the statute to delete the requirement that the services need be 'personal,' was adopting the broad meaning of 'services' first spelled out by the Texas Supreme Court in *Van Zandt v. Fort Worth Press.*" *Id.* at 837.

See also *Texcalco, Inc. v. McMillan,* 524 S.W.2d 405 (Tex.Civ.App., Eastland 1975, no writ) and *Caston v. Texas Power & Light Co.,* 501 S.W.2d 472 (Tex.Civ.App., Texarkana 1973, no writ), and *Maxwell Lumber Co. v. Merle Greer Company, Inc.,* 501 S.W.2d 454 (Tex.Civ.App., Tyler 1973, no writ).

■ We hold that when plaintiff performed the ground preparation work for the defendant, it was ostensibly performing a "service" as that term is now defined above and that as such, it should have been allowed to present evidence to support that contention to the trier of fact. It was error for the trial court to have granted defendant's motion for summary judgment on the issue of attorneys' fees. Finding that plaintiff should have been allowed to present evidence on the issue of "services rendered", we make no ruling on the question of whether plaintiff's claim for attorneys' fees also comes under the definition of "labor done" or "materials furnished."

With respect to the summary judgment granted to Fireman's, plaintiff has points of error asserting that a fact question was raised because it properly perfected its mechanics' and materialmen's lien and that it should obtain the funds which were assured under the payment bond written by Fireman's for the other defendants. Fireman's counters with the claim that the plaintiff must fail in its attempt to collect under the payment bond because it did not make a valid claim under the bond until its amended petition, which was not within the fourteen months limitation period in which to file a claim. Tex.Rev.Civ.Stat.Ann. § 6 of art. 5472d (Supp.1961) provides that the claim must be made within fourteen months "from the date of his compliance with paragraph 4 of this Article." Paragraph 4 refers to the manner of perfection of liens under the Hardeman Act and allows either compliance with art. 5453 or the manner specified with the paragraph itself. There is no issue in this case that plaintiff attempted compliance within the framework of art. 5453 rather than the alternative method specified in paragraph 4. As to whether the plaintiff fully complied with art. 5453(2)b(2) (Supp.1961) and its notice provisions, Fireman's does not dispute plaintiff's claim that it "perfected" its lien when it sent notices to the owner on February 25, 1972. The summary judgment proof supports plaintiff's contention.

Plaintiff's original petition was filed on March 27, 1973; the amended petition was filed on July 8, 1974. The trial court found that the plaintiff had made no claim on the payment bond prior to filing its first amended petition which was more than fourteen months after the proper notices were given. Fireman's was made a party to this suit in the original petition; it was in its original petition that the plaintiff asserted that the bond in question was defective. The amended petition apparently accepted the bond and a specific claim was then made against the bond itself which was more than fourteen months after the "perfection" date.

Whether limitations should apply to amended pleadings is governed by art. 5539b and the cases construing it, e. g., Leonard v. Texaco, Inc., 422 S.W.2d 160, 163 (Tex.1967), where Justice Norvell stated that: "[t]he test is whether the cause of action alleged in the amended petition is 'wholly based upon and grows out of a new, distinct or different transaction and occurrence'." In quoting from Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816 (1950), Justice Norvell reiterated the court's position that "article 5539b expressly provides that an amendment to a pleading shall not be subject to a plea of limitation where the amendment is not wholly based on or grows out of a new, distinct or different transaction or occurrence." (422 S.W.2d at 163) In applying this test the court noted that whether the amended petition stated a new cause of action was immaterial.

We do not have the situation which was present in Sherwin-Williams Co. v. American Indemnity Co., 504 S.W.2d 400 (Tex. 1973). There the plaintiff filed its original pleading in a statutory lien suit against the owner, original contractor, and subcontractor. The surety on the bond was not named until the amended original petition was filed, which was after the fourteen months period established in art. 5472d(6), but was before the two years limitation period called for in the bond itself. At 504 S.W.2d 401 the court noted that the surety's joinder was untimely if the Hardeman Act limitations controlled.

In the case at bar, Fireman's was named and joined in the suit when the original petition was filed. The gravamen of the complaint was that plaintiff had perfected its claim under mechanics' and materialmen's lien statutes and was thus entitled to recover from the parties named as defendants jointly and severally. The complaint in the amended petition was not based on a "new, distinct or different transaction or occurrence". See also John H. Pelt Co. v. American Cas. Co. of Reading,

*Pa.,* 513 S.W.2d 128 (Tex.Civ.App., Dallas 1974, writ ref'd n. r. e.).

Plaintiff's petition sufficiently invoked its claim as to Fireman's within the fourteen months period pursuant to art. 5472d(6). It was error for the trial court to have granted the summary judgment for Fireman's.

As mentioned above, in order for plaintiff to succeed in its claim it must have complied with the provisions of the Hardeman Act. One of the requirements in perfecting a lien is the filing of an affidavit under art. 5453(1). It is the Fireman's contention that the lien affidavit filed by plaintiff is fatally defective because the lien affidavit makes only a claim for "materials furnished" while the two contracts, which are attached to the affidavit as exhibits, call for both labor to be performed and materials to be furnished. It claims that the failure to delineate in the affidavit the materials furnished and the cost of work performed renders the said affidavit insufficient under the applicable provisions of the Hardeman Act, *i. e.,* art. 5455.

Art. 5455 (Supp.1961) requires, in pertinent part, that a lien affidavit shall contain:

c. "A *general statement* of the kind of work done or materials furnished by him, or both. *It shall not be necessary to set forth the individual items or work done or materials furnished* or specifically fabricated. Any abbreviations or symbols customary in the trade may be used." (Emphasis supplied.)

The attached contracts contain statements that the plaintiff was to haul various types of sand, gravel and hot mix, that it was to grade the streets and parking area in preparation for paving and that the respective price on the two contracts for the labor performed and the materials furnished was $2,000 and $11,217.50.

Prior to the time that the 1961 amendment to art. 5455 was enacted (which is quoted above) it was necessary for a detailed summarization to be made in the affidavit of the materials furnished and the work done. Woodward, *The Acquisition of Mechanics' and Materialmen's Liens on Non-Homestead Property,* 14 Sw.L.J. 469, 482 (1960). Since that time, specific particularization is no longer required and the statute now makes it clear that only "general statements" are all that is needed. Art. 5455(c); Youngblood, *Mechanics' and Materialmen's Liens in Texas,* 26 Sw.L.J. 665, 677 (1972). Substantial compliance is, of course, required when considering the mechanics' and materialmen's lien statutes. *Crockett v. Sampson,* 439 S.W.2d 355, 360 (Tex.Civ.App., Austin 1969, no writ). As was said in *Trinity Universal Insurance Company v. Palmer,* 412 S.W.2d 691, 694 (Tex.Civ.App., San Antonio 1967, writ ref'd n. r. e.):

"[I]t had been held [prior to 1961] that the notice to the owner, as well as the lien affidavit filed by the claimant with the county clerk, must itemize the value of articles furnished and labor done, and that a statement of the total price in a lump sum was not sufficient. [Citation omitted.] The language on which . . [appellee] relies was plainly intended to eliminate the need for such particularization. Paragraph c of Article 5455 eliminates the need for such itemization in the affidavit."

The information contained in the contracts was sufficiently detailed so as to enumerate the claims that plaintiff was alleging under the lien statutes. It was a "general statement"—and no more is required under the present statutes. These points of error are sustained.

Reversed and remanded.

KEITH, Justice (concurring).

I concur only in the reversal and remand of the cause.