NUMBER 13-03-237-CV
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG
                                                                                                                         
 
THE NEW AAA APARTMENT PLUMBERS, INC. 
D/B/A AAA PLUMBERS,                                                                    Appellant,
 
v.
 
DPMC-BRIARCLIFF, L.P.,                                                                  Appellee.
                                                                                                                                      

On appeal from the 113th District Court of Harris County, Texas.
                                                                                                                         
 
O P I N I O N
 
Before Justices Hinojosa, Yañez and Garza
Opinion by Justice Garza
 
           Appellant, the New AAA Apartment Plumbers, Inc., d/b/a AAA Plumbers, appeals
from a take-nothing judgment granted to appellee, DPMC-Briarcliff, L.P., in a suit to
foreclose a mechanics’ lien. Because the lien was perfected, we conclude that the trial
court erred in rendering the take-nothing judgment. Accordingly, we reverse the judgment
of the trial court and remand for further proceedings consistent with this opinion. 
Background
          AAA Plumbers sought to perfect and foreclose a mechanics’ lien for approximately
$35,000 owed for sewer repairs. The claim for payment was filed against Briarcliff Housing
Development Association, Inc., the owner of the property at the time the work was
performed, and DPMC-Briarcliff, the entity that had purchased the property from Briarcliff
Housing and thus was the owner of the property at the time of trial. Briarcliff Housing
settled with AAA Plumbers, and the case continued against DPMC-Briarcliff only. 
          DPMC-Briarcliff amended its answer on the day of trial to include a defense of
inadequate notice of the lien. See Tex. Prop. Code. Ann. §53.055(a) (Vernon Supp.
2004). After completion of trial, the trial court ruled in favor of DPMC-Briarcliff. Implicit in
the trial court’s decision was the finding that AAA Plumbers failed to establish notice, as
this was the only element pertaining to perfection of the lien in dispute. 
Take Nothing Judgment
By its second issue,


 AAA Plumbers argues that the trial court erred in granting a
take-nothing judgment. We interpret this issue as a challenge to the factual sufficiency of
the evidence. See Darby v. Jefferson Life Ins. Co., 998 S.W.2d 622, 629 (Tex.
App.–Houston [1st Dist.] 1995, no writ). When the reporter’s record is made part of the
record in a non-jury trial, the factual sufficiency of the trial court’s implied findings may be
challenged on appeal in the same manner as jury findings or a trial court’s finding of fact.
Valley Mechanical Contractors v. Gonzales, 894 S.W.2d 832, 834 (Tex. App.–Corpus
Christi 1995, no writ) (citing Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989) (per
curium)).
            When reviewing a challenge to the factual sufficiency of the evidence, we consider
all of the evidence. Plas-Tex, Inc. v. United States Steel Corp., 772 S.W.2d 442, 445 (Tex.
1989) (per curiam). We will defer to the court’s findings unless our complete review of the
evidence demonstrates that the findings are so against the great weight and
preponderance of the evidence as to be unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986).
DPMC-Briarcliff argued at trial that AAA Plumbers failed to provide its predecessor-in-interest, Briarcliff Housing, with proper notice because the copy of the lien affidavit was
sent to the property owner and the original contractor before it was actually filed. DPMC-Briarcliff asserted that notice of the lien affidavit should have been sent after the lien
affidavit was filed with the clerk and that therefore the copy of the affidavit that was sent
to the property owner prior to filing did not suffice to provide notice under the statute. 
DPMC-Briarcliff essentially contends that a second copy of the affidavit should have been
sent out after it was actually filed.
Section 53.055(a) of the property code requires that notice of a mechanic’s and
materialman’s lien must be given to the property owner no later than five days after the
affidavit is filed. See Tex. Prop. Code Ann. § 53.055(a) (“A person who files an affidavit
must send a copy of the affidavit by registered or certified mail to the owner . . . not later
than the fifth day after the date the affidavit is filed with the county clerk.”) (emphasis
added). The statute does not, however, require that the lien affidavit actually be filed
before notice is sent. See id.; see also Hammons v. Tex. Pride Landscaping, No.05-99-980-CV, 2000 Tex. App. LEXIS 3025, at *16-17 (Tex. App.–Dallas May 10, 2000, pet.
denied) (not designated for publication) (“Although one asserting a mechanic’s and
materialman’s lien must give notice to the owner no later than ten days after filing the lien
affidavit, the applicable statute contains no prohibition against giving the owner notice
before filing the lien affidavit.”) (emphasis in original). Mechanic’s and materialman’s
statutes are to be liberally construed for the purpose of protecting laborers and
materialmen. Richardson v. Mid-Cities Drywall, 968 S.W.2d 512, 514 (Tex.
App.–Texarkana, no pet.) (citing First Nat’l Bank of Dallas v. Whirlpool Corp., 517 S.W.2d
262, 269 (Tex. 1974); Hayek v. Western Steel Co., 478 S.W.2d 786, 795 (Tex. 1972)). 
Substantial compliance with the relevant sections of the property code is sufficient to
perfect a mechanic's and materialman's lien. See id. (citing First Nat’l Bank v. Sledge, 653
S.W.2d 283, 285 (Tex. 1983)). Section 53.055 of the Texas Property Code is intended to
ensure that the owner receives actual notice of an affidavit being filed against his property
so that he can take steps to protect himself. Cabintree, Inc., v. Schneider, 728 S.W.2d
395, 396-97 (Tex. App.–Houston [1st Dist.] 1986, writ ref’d). The purpose of requiring a
lien affiant to give actual notice to the property owner of the lien is, in part, to ensure that
a property owner will not be ambushed by recorded liens, the existence of which he is not
aware and has no reason to be aware. See Cabintree, 728 S.W.2d at 396-97. 
 In this case, the purpose of the statute was fulfilled. AAA Plumber’s return-receipt
“green cards,” which were admitted into evidence, confirm that both the property owner and
the original contractor received copies of the lien affidavit by certified mail not more than
five days after it was filed. AAA Plumber’s president testified at trial that he received the
signed green cards from the person who he employed to send the claim letter and lien
affidavit to DPMC-Briarcliff’s predecessor. This evidence demonstrates that section 53.055
of the code was satisfied: the property owner received timely notice of the affidavit. See
Tex. Prop. Code Ann. § 53.055 (Vernon Supp. 2004). Although the notice of the affidavit
was sent before the affidavit was actually filed, the contents of the affidavit comply with
section 53.054 of the code. See Tex. Prop. Code Ann. § 53.054 (Vernon Supp. 2004). 
Furthermore, the lien affidavit sent to DPMC-Briarcliff was an exact copy of the lien affidavit
that was filed with the county clerk, and the filing of the affidavit with the clerk occurred
within a few days of the notice being sent to DPMC-Briarcliff. 
We hold that the trial court’s judgment is contrary to the great weight and
preponderance of the evidence. The record demonstrates that AAA Plumbers established
all necessary elements for perfecting a lien. See Tex. Prop. Code Ann. § 53.051 - 53.054
(Vernon 1995 & Supp. 2004). AAA Plumbers is therefore entitled to foreclosure. AAA
Plumbers’ second issue is sustained. 
We reverse the take-nothing judgment and remand to the trial court. 
                                                                                                             
                                                                                                                                 
                                                                                  _______________________
                                                                                  DORI CONTRERAS GARZA,                                                                                                          Justice
 
 
Dissenting Opinion by Justice Hinojosa.
 
Opinion delivered and filed 
this the 26th day of August, 2004.