**AMERICAN INDEMNITY COMPANY, Briarwood Associates, LTD., Appellant,**

v.

**C. R. SEARCY d/b/a C. R. Searcy Company, Appellee.**

**No. 1363.**

Court of Civil Appeals of Texas, Corpus Christi.

April 12, 1979.

Rehearing Denied April 26, 1979.

Robert M. Kendrick, Kendrick & Kratzig, Corpus Christi, for appellant.

Fisher Alsup, Alsup & Alsup, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit to foreclose a mechanic's and materialman's lien brought by a materialman against the owner of the property, the bonding company and the subcontractor. The trial court found for C. R. Searcy, the plaintiff. The subcontractor defaulted. Only the bonding company and owner appeal.

The owner, Briarwood Associates, Ltd., built an apartment project during the year 1973 wherein Consolidated Construction Company was the general contractor. The contractor entered into a subcontract with defendant Don Keeble, Jr., for concrete and labor work. Keeble in turn entered into an agreement with C. R. Searcy, the appellee herein, to supply a trenching machine for use by the subcontractor on the job. The subcontractor Keeble failed to pay the material and labor bills incurred by him. The owner had purchased a performance and payment bond from American Indemnity Company under the provisions of Article 5472c.

The evidence showed that Searcy rented a trenching machine to the defaulting subcontractor for three months. The equipment was last used on the job during the month of September, 1973. Searcy filed a mechanic's lien on October 1, 1973. A copy of the lien affidavit was mailed to the general contractor by certified mail on February 8, 1974.

The trial court filed findings of fact which virtually track the exact language of Article 5453(2)(b)(1).[1]

By their first point of error, the owner and surety contend that there was no evidence to support the trial court's finding

---

1. "Where the claim consists of a lien claim arising from a debt incurred by a subcontractor, the claimant shall give written notice of the unpaid balance of such claim to the original

that "the Plaintiff gave notice to the owner of the unpaid balance of the claim not later than ninety days after the tenth day of the month next following each month in which the claimant's material was delivered in whole or in part." A similar attack is launched by the defendant-appellant's third point of error against the court's finding that "the Plaintiff gave notice of the unpaid balance of the claim to the original contractor not later than thirty-six days after the tenth day of the month next following each month in which claimant's material was delivered in whole or in part."

Both such notices are conditions precedent to the perfection of a valid mechanic's lien by one who supplied materials to a subcontractor. Tex.Rev.Civ.Stat.Ann. art. 5453(2)(b)(1) (Supp.1978). Considering only the evidence favorable to the trial court's findings, as we must do, we overrule both points of error. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965). The plaintiff testified that he personally sent such notices in a timely manner. There was no objection to his testimony.

By their second point of error, the owner and surety contend that the trial court erred in concluding that the plaintiff fully complied with all of the statutory requirements necessary to establish a valid lien. The crux of their argument under this point is that plaintiff failed to give the owner the required statutory warning required by Tex.Rev.Civ.Stat.Ann. art. 5453(2)(b)(2) (Supp.1978) which provides:

> ". . . provided, however, if such statement or billing is to be effective to authorize an owner to retain funds for the payment of such claim as provided in Article 5463 of this Act, it shall contain or be accompanied by some form of statement to an owner to the effect that if the bill remains unpaid he may be personally liable and his property subjected to a lien unless he withholds payments from the contractor for the payment of such state-

ment or unless the bill is otherwise paid or settled."

Texas courts have held that a subcontractor's mechanic's lien is ineffective as against the owner in cases such as this, unless the owner is given the required statutory warning. *Herrington v. Luce*, 491 S.W.2d 478 (Tex.Civ.App.—Tyler 1973, no writ); *Trinity Universal Insurance Co. v. Palmer*, 412 S.W.2d 691 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.).

The plaintiff testified that notices of unpaid balances were sent to the parties. His attorney testified that "all the notices that are required" were sent. We construe the attorney's testimony to mean that the notices of unpaid balance containing the required statutory warning were sent. The attorney's testimony was never objected to, disputed or challenged by anyone. Indulging all reasonable inferences from the evidence favorable to the court's conclusion, we can reach no other result. All points of error are overruled.

The judgment of the trial court is AFFIRMED.

contractor not later than thirty-six (36) days after the tenth (10th) day of the month next following each month in which claimant's labor was done or performed in whole or in part or his material delivered in whole or in part; and claimant shall give a like notice to owner not later than ninety (90) days after the tenth (10th) day of the month next following each month in which the claimant's labor was done or performed in whole or in part or his material delivered in whole or in part."