**SENTRY INSURANCE COMPANY, et al, Appellants,**

v.

**RADCLIFF MATERIALS OF TEXAS, INC., Appellee.**

**No. C14–84–503CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 14, 1985.

James G. Worley, Winstead, McGuire, Sechrest & Minick, Dallas, for appellants.

Joe S. Maida, Houston, for appellee.

JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This suit was brought against Sentry Insurance Company (Appellant), the surety on an original contractor's bond, by Radcliff Materials of Texas, Inc. (Appellee), the supplier of materials to subcontractor, Loma Equipment Company, on a parking lot construction project. Appellee recov-

ered a judgment in the amount of $57,-530.69, plus interest and attorney's fees, against the Surety. We reverse and render.

On September 15, 1981, Loma Equipment Company, Inc. (Loma), a subcontractor, and Environmental Equipment Corporation (Environmental), the original contractor, entered into a contractor agreement for construction of employee parking facilities for Browning-Ferris, Inc. (Browning-Ferris). Before it began work on the project, Loma applied to Appellant for the issuance of a surety bond. On September 16, 1981, Appellant executed and issued a bond entitled "Performance and Payment Bond" naming Loma as Principal, Environmental as Obligee, and Sentry Insurance as Surety. The bond contained the following clause (referring to Loma as Contractor and Environmental as Company):

> If the above Contractor, his heirs, executors, administrators, duly qualified successors and assigns shall do and properly perform the matters and things in said contract set forth and specified to be by the said Contractor kept, done and performed, at the time and in the manner in said contract specified, and shall pay over and make good and reimburse to the said Company, all loss and damages which said Company may sustain by reason of the failure or default on the part of said Contractor, then this obligation shall be null and void, otherwise to be and shall remain in full force and effect.

In December 1981 and January 1982, Appellee supplied building materials to Loma for use in building the parking lot for Browning-Ferris. Upon Loma's failure to timely pay Appellee for the construction materials, Appellee sent notices of the debt to Browning-Ferris Industries, Inc. (the parent corporation of Browning-Ferris, Inc.) and to Appellant. On June 9, 1982, Appellee filed a mechanic's and materialmen's lien on property owned by Browning-Ferris Industries, Inc. It then initiated this action against Loma, George L. Nyfeler, Jr., a guarantor of Loma's indebtedness, Browning-Ferris Industries, Inc., and Ap-

pellant, seeking to recover the amount due Appellee. Following the entry of an Interlocutory Summary Judgment against Loma for the sums due, Loma's guarantor filed a Notice of Bankruptcy with the Court, leaving only Browning-Ferris Industries, Inc. and Appellant in the case. A non-jury trial was held on May 15, 1984. On June 7, 1984, the court ordered that Appellee take nothing against Browning-Ferris Industries, Inc., while ordering that it recover from Appellant $57,530.69, plus interest and attorney's fees. Appellant has perfected its appeal from this judgment.

■ Before addressing Appellant's points of error individually, we must dispose of Appellee's threshold complaint that Appellant failed to lay the proper predicate in the trial court for raising his "no evidence" points of error on appeal, because Appellant's Motion for Instructed Verdict did not state the specific grounds for the motion as required by TEX.R.CIV.P. 268. We cannot support Appellee's contention. In *Bluebonnet Express, Inc. v. Employers Insurance of Wausau,* 651 S.W.2d 345 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.), this court held that where in a non-jury case, the court is made aware of severe limitations on the probative value of the evidence presented at trial, no predicate-laying motions need be filed in the trial court before or after judgment in order to assert "no evidence" points on appeal. In the case before us, Appellant did, in fact, make a "predicate-laying motion" when it moved for an instructed verdict based on the fact the bond was not a Hardeman Act bond on its face. Whether or not the motion was sufficiently specific to meet the requisites of TEX.R.CIV.P. 268 is an issue we need not decide. The motion adequately apprised the court of the deficiencies in the evidence regarding the validity of the bond so as to allow Appellant to raise the issue on appeal.

■ In points of error one and two, Appellant contends the trial court erred in rendering judgment against it because there was no evidence that the mandatory requisites of a Hardeman Act bond were

met. We agree. A review of the Findings of Fact and Conclusions of Law shows that the trial court treated the bond as a Hardeman Act bond.[1] The Hardeman Act provisions set out a general statutory scheme whereby a payment bond, executed by an original contractor, is substituted for whatever other relief might be obtained by subcontractors and those furnishing materials and labor against the owner and his property. *Fidelity & Deposit Co. of Maryland v. Felker*, 469 S.W.2d 389 (Tex.1971); *also see* TEX.PROP.CODE ANN. § 53.201 (Vernon Supp.1984). When the bond is properly executed and recorded, the owner is not liable to derivative claimants. *Felker*, 469 S.W.2d at 390.

Section 53.202 of the Property Code provides that a bond to pay liens or claims *must* meet the following requirements:

(1) be in a penal sum at least equal to the total of the original contract amount;

(2) be in favor of the owner;

(3) have the written approval of the owner endorsed on it;

(4) be executed by:

(a) the original contractor as principal; and

(b) a corporate surety authorized to do business in this state; and

(5) be conditioned on prompt payment for all labor, subcontracts, materials, specially fabricated materials, and normal and usual extras not exceeding 15 percent of the contract price.

It is clear that the bond before us does not, on its face, meet the statutory requisites of a Hardeman Act bond. In order to comply with § 53.202 of the Property Code, a Hardeman Act bond must be in favor of the owner and have the written approval of the owner endorsed on it; the bond before us is in favor of the original contractor. A Hardeman Act bond must be executed by the original contractor as principal, where-

as the bond in question was executed by materialman, Loma, as principal. Most important, a Hardeman Act bond must "be conditioned on prompt payment for all labor, subcontracts, materials, specially fabricated materials, and normal and usual extras not exceeding 15 percent of the contract price." Instead, the bond before us states only that Loma will reimburse the Obligee, Environmental, for all loss and damages sustained *if Loma fails to perform its obligations.* There is no language contained in the bond to show it was intended for the protection of subcontractors or materialmen who are not paid for services or materials provided to the general contractor. Thus, it is clear that the requirements of Section 53.202 of the Property Code were not complied with, and the bond in question is not a Hardeman Act bond on its face. We sustain Appellant's points of error one and two.

We must now address Appellant's points of error three and four wherein it contends there was no evidence, or, alternatively, insufficient evidence, admitted at trial to show the subject bond was issued in attempted compliance with the necessary requisites of a Hardeman Act bond pursuant to TEX.PROP.CODE ANN. § 53.211 (Vernon Supp.1984). In its Findings of Fact and Conclusions of Law, the trial court found:

(1) The purpose for requiring a bond to be provided was to secure payment of sub-contractors and to secure performance of the work covered in the Contract between Environmental Equipment and Loma; and

(2) The intent of requiring the bond was to have a Hardeman Act bond.

The court also made the following conclusion:

It was the apparent intent of the General Contractor to provide the Hardeman Act Bond in compliance with Article 5472d of Vernon's Annotated Civil Statutes. Any

---

1. The provisions of the Hardeman Act (TEX. REV.CIV.STAT.ANN. arts. 5452–5472e) have been incorporated into the new Property Code, TEX.PROP.CODE ANN. § 53.201–53.211 (Ver-

non Supp.1984). We will refer to the "Hardeman Act" generally, but will cite to the appropriate section of the Property Code.

bond filed in attempted compliance with that article is to be construed to effectuate such intent and all rights and remedies on such bond shall be enforceable in the same manner and under the same conditions as the bond provided for in Article 5472d.

Section 53.211 of the Property Code, entitled "Attempted Compliance," states that:

A bond shall be construed to comply with this subchapter, and the rights and remedies on the bond are enforceable in the same manner as on other bonds under this subchapter, if the bond:

(1) Is furnished and filed in attempted compliance with this subchapter; or

(2) Evidences by its terms intent to comply with this subchapter.

We find no evidence in the record to show that the bond before us complied with either of these provisions.

In *Sherwin-Williams Co. v. American Indemnity Co.*, 504 S.W.2d 400 (Tex.1973), the Texas Supreme Court held that a bond which was not "in a penal sum not less than the total of the original contract amount," as required by the Hardeman Act failed to qualify as a Hardeman Act bond. They so held despite Respondent's plea that the bond contained an express statement of intent to comply with the Act. The court stated:

The substantial defect in amount of the express terms of the.... bond conclusively rebuts any argument that the bond was furnished and filed in attempted compliance with the Hardeman Act, or that there was any intent to comply with the requirements of the Act.

*Id.* at 402. The court further stated that while it could construe the provision for attempted compliance as "permitting modification of a non-conforming bond to include parties not named in the bond, or to realign priorities between obligee of the bond to comport with the statutory scheme," it would not permit them to increase the penal sum to meet the requisite amount.

Unlike the bond discussed in *Sherwin-Williams*, there is nothing contained within the terms of the bond at issue in the present case to show it was intended to comply with the Hardeman Act. In fact, when questioned about the bond, the attorney for Browning-Ferris Services, Inc., a subsidiary of Browning-Ferris Industries, Inc., stated that he "concluded when I first saw it that it did not comply with the provisions of the Hardeman Act insofar as my clients are concerned." Even were we to modify the terms of the bond to include parties not named or to realign priorities between obligees of the bond, the bond still contains a substantial defect in that it is *not* conditioned on prompt payment for labor, subcontracts, materials, etc., as required by § 53.202 of the Property Code. Like the Supreme Court in *Sherwin-Williams*, we do not believe it is within this court's authority to completely reconstruct the bond before us so that it will comply with the statutory provisions for creating a Hardeman Act bond. Therefore, we reverse the trial court's judgment and render judgment that Appellee take nothing against Appellant.

The judgment of the trial court is reversed and rendered.