CABINTREE, INC., Appellant,

v.

Kenneth A. SCHNEIDER and wife,
Elaine E. Schneider, Appellees.

No. 01–86–00648–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 18, 1986.

Rehearing Denied March 12, 1987.

J. Richard Hall, Houston, for appellant.

J. Burke McCormick, Houston, for appellees.

Before SAM BASS, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from the granting of a summary judgment declaring the appellant's lien against the appellees' property null and void. The appellees were awarded attorney's fees and expenses in the sum of $2,128.

The appellees, Kenneth A. Schneider and his wife, Elaine E. Schneider, ("the Schneiders"), contracted with Faust Homes, Inc. ("Faust") for certain improvements to their house. The Schneiders are the owners, and Faust is the original contractor within the meaning of the Mechanic's, Contractor's, or Materialman's Lien statute. TEX.PROP.CODE ANN. § 53.-001(7) (Vernon 1984) (hereinafter "the M & M statute"). As a part of such improvements, Faust contracted with Kitchen Designers, Inc. to supply kitchen cabinets for $5,800. Kitchen Designers, Inc. in turn contracted with the appellant to furnish the cabinets for $3,931.67. The appellant delivered the cabinets on July 1, 1985. Kitchen Designers, Inc. and the appellant are subcontractors, or "derivative claimants,"

within the meaning of the M & M statute. TEX.PROP.CODE ANN. § 53.001(10). By checks dated May 15, 1985, and July 1, 1985, the Schneiders and Faust paid Kitchen Designers, Inc. in full for the cabinets. Kitchen Designers, Inc. did not pay the appellant.

The appellant was required to give the Schneiders written notice of their unpaid bill. TEX.PROP.CODE ANN. § 53.056. On September 11, 1985, the Schneiders received the appellant's timely notice of claim stating that Kitchen Designers, Inc. had failed to pay the appellant.

To perfect its lien, under the facts of this case, the appellant was required to file a lien affidavit no later than November 8, 1985. TEX.PROP.CODE ANN. §§ 53.-052(c), 53.053(d). On November 8, 1985, the appellant filed an "Affidavit for Mechanic's and Materialman's Lien," and on December 30, 1985, it filed an "Amended Affidavit for Mechanic's and Materialman's Lien."

The appellant was also required to send the Schneiders notice of the filing of the lien affidavit. TEX.PROP.CODE ANN. § 53.055. This section states:

> A person who files an affidavit must send two copies of the affidavit by registered or certified mail to the owner at the owner's last known business or residence address.

On January 9, 1986, the Schneiders received by certified mail, in the same envelope, two copies each of the "Affidavit for Mechanic's and Materialman's Lien" and the "Amended Affidavit for Mechanic's and Materialman's Lien." The Schneiders had paid the statutory retainage to Faust on December 23, 1985.

In reviewing a summary judgment record, this Court must determine whether a disputed material fact issue exists that would preclude a summary judgment. Every reasonable inference must be indulged in favor of the non-movants, and any doubts resolved in their favor. *Bayouth v. Lion Oil Co.,* 671 S.W.2d 867, 868 (Tex.1984). In the case before us, the facts are not in dispute. The only question presented is one of law, whether the appellant's notice of filed affidavit complied with the requirements of the M & M statute.

Neither the parties' research nor our own has revealed a case deciding the question of when the notice of filed affidavit must be sent to the owner. The appellant's reliance on *American Indemnity Co. v. Searcy,* 580 S.W.2d 168 (Tex.Civ.App.—Corpus Christi 1979, no writ), is misplaced, because the issue in *American Indemnity* was the sufficiency of the notice of claim, not the timing of the notice of filed affidavit. Therefore, the case before us is one of first impression.

A subcontractor is a derivative claimant and, unlike a general contractor, has no constitutional, common law, or contractual lien on the property of the owner. *First National Bank v. Sledge,* 653 S.W.2d 283, 285 (Tex.1983). In order to perfect a lien, the subcontractor must comply with the requirements of the M & M statute. TEX.PROP.CODE ANN. § 53.051. The M & M statute is designed to protect not only contractors and subcontractors, but owners as well. *Trinity Universal Insurance Co. v. Palmer,* 412 S.W.2d 691, 692 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.).

We recognize that in deciding whether a person has fulfilled the requirements of the M & M statute, only substantial compliance is required. For example, where a subcontractor sent one copy of the affidavit to the owner instead of two, but met all other requirements of the M & M statute, he was held to be in substantial compliance, and the lien was valid. *Sledge,* 653 S.W.2d at 285. Similarly, where a lien affidavit was sent by regular mail, rather than certified mail, the subcontractor was held to have substantially complied with the M & M statute. *James Mechanical Contractors v. Tate,* 647 S.W.2d 347, 349 (Tex.App.—Corpus Christi 1982, no writ).

Notwithstanding this policy, each section of the M & M statute must be given effect. The purpose of § 53.055 is to ensure that the owner receives *actual* notice that an affidavit has been filed against his property so that he will be able to take steps to

protect himself. This purpose is frustrated if the notice is not sent in a timely manner.

 The present § 53.055, standing alone, is clearly silent as to when this notice must be sent. But § 53.055 is merely a recodification of article 5453(1) of the Texas Revised Civil Statutes. Ch. 382, § 2, 1961 Tex.Gen.Laws 863, 864–65, *repealed by* ch. 576, § 6, 1983 Tex.Gen.Laws 3475, 3729–30. The new Texas Property Code is a non-substantive revision of the Texas Revised Civil Statutes. TEX.PROP.CODE ANN. § 1.001 (Vernon 1984). Therefore, the wording and context of § 53.055, as it appeared in the Texas Revised Civil Statutes, is controlling. Article 5453(1) provided:

The Lien provided for in Article 5452 may be fixed and secured in the following manner:

1. Every original contractor, not later than one hundred twenty (120) days, and every other person or firm, lumber dealer or corporation, artisan, laborer, mechanic or subcontractor who may be entitled to a lien under this Act, not later than ninety (90) days, after the indebtedness accrues as defined hereinafter in Article 5467, *shall file* his affidavit claiming a lien, to be recorded in a book kept by the county clerk for that purpose in the office of the county clerk of the county in which such property is located or through or into which such railroad may extend, *and he shall send* to the owner by certified or registered mail, addressed to his last known business or residence address, two (2) copies of such affidavit claiming a lien. (Emphasis added)

The requirements of filing the affidavit, and sending copies of the affidavit, are contained in the same sentence. There is only one time period limitation applicable to subcontractors found in article 5453(1). We, therefore, hold that the notice of filed affidavit must be sent to the owner within the same time period applicable to the filing of the affidavit.

 In this case, the appellant did not even attempt to mail the notice of filed affidavit until approximately two months after the last day on which the affidavit could have been filed. This is not a case of substantial compliance. The appellant's notice did not comply with § 53.055 as a matter of law.

The judgment of the trial court is affirmed.