The NEW AAA APARTMENT
PLUMBERS, INC. d/b/a AAA
Plumbers, Appellant,

v.

DPMC–BRIARCLIFF, L.P., Appellee.

No. 13–03–237–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 26, 2004.

Charles H. Portz, Attorney At Law, Houston, for Appellant.

Richard D. Daly, Gardere Wynne Sewell & Riggs, Houston, Jeremy Martin, Gardere Wynne Sewell, Dallas, Kimberly R. Phillips, Attorney Al Law, Houston, for Appellee.

Before Justices HINOJOSA, YAÑEZ and GARZA.

## OPINION

Opinion by Justice GARZA.

Appellant, the New AAA Apartment Plumbers, Inc., d/b/a AAA Plumbers, appeals from a take-nothing judgment granted to appellee, DPMC–Briarcliff, L.P., in a suit to foreclose a mechanics' lien. Because the lien was perfected, we conclude that the trial court erred in rendering the take-nothing judgment. Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## Background

AAA Plumbers sought to perfect and foreclose a mechanics' lien for approximately $35,000 owed for sewer repairs. The claim for payment was filed against Briarcliff Housing Development Association, Inc., the owner of the property at the time the work was performed, and DPMC–Briarcliff, the entity that had purchased the property from Briarcliff Housing and thus was the owner of the property at the time of trial. Briarcliff Housing settled with AAA Plumbers, and the case continued against DPMC–Briarcliff only.

DPMC–Briarcliff amended its answer on the day of trial to include a defense of inadequate notice of the lien. *See* TEX.

PROP.CODE. ANN. § 53.055(a) (Vernon Supp. 2004). After completion of trial, the trial court ruled in favor of DPMC–Briarcliff. Implicit in the trial court's decision was the finding that AAA Plumbers failed to establish notice, as this was the only element pertaining to perfection of the lien in dispute.

## Take Nothing Judgment

■ By its second issue,[1] AAA Plumbers argues that the trial court erred in granting a take-nothing judgment. We interpret this issue as a challenge to the factual sufficiency of the evidence. *See Darby v. Jefferson Life Ins. Co.,* 998 S.W.2d 622, 629 (Tex.App.-Houston [1st Dist.] 1995, no writ). When the reporter's record is made part of the record in a non-jury trial, the factual sufficiency of the trial court's implied findings may be challenged on appeal in the same manner as jury findings or a trial court's finding of fact. *Valley Mechanical Contractors v. Gonzales,* 894 S.W.2d 832, 834 (Tex.App.-Corpus Christi 1995, no writ) (citing *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989) (per curiam)).

When reviewing a challenge to the factual sufficiency of the evidence, we consider all of the evidence. *Plas–Tex, Inc. v. United States Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989) (per curiam). We will defer to the court's findings unless our complete review of the evidence demonstrates that the findings are so against the great weight and preponderance of the evidence as to be unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

DPMC–Briarcliff argued at trial that AAA Plumbers failed to provide its prede-

---

1. We do not address AAA Plumbers' first issue as it is unnecessary to the disposition of this appeal. *See* TEX.R.APP. P. 47.1.

cessor-in-interest, Briarcliff Housing, with proper notice because the copy of the lien affidavit was sent to the property owner and the original contractor before it was actually filed. DPMC–Briarcliff asserted that notice of the lien affidavit should have been sent after the lien affidavit was filed with the clerk and that therefore the copy of the affidavit that was sent to the property owner prior to filing did not suffice to provide notice under the statute. DPMC–Briarcliff essentially contends that a second copy of the affidavit should have been sent out after it was actually filed.

■■■ Section 53.055(a) of the property code requires that notice of a mechanic's and materialman's lien must be given to the property owner no later than five days after the affidavit is filed. *See* TEX. PROP. CODE ANN. § 53.055(a) ("A person who files an affidavit must send a copy of the affidavit by registered or certified mail to the owner ... *not later than* the fifth day after the date the affidavit is filed with the county clerk.") (emphasis added). The statute does not, however, require that the lien affidavit actually be filed before notice is sent. *See id.; see also Hammons v. Tex. Pride Landscape,* No.05–99–980–CV, 2000 WL 567108, at *4, 2000 Tex.App. LEXIS 3025, at *16–17 (Tex.App.-Dallas May 10, 2000, pet. denied) (not designated for publication) ("Although one asserting a mechanic's and materialman's lien must give notice to the owner no later than ten days *after* filing the lien affidavit, the applicable statute contains no prohibition against giving the owner notice *before* filing the lien affidavit.") (emphasis in original). Mechanic's and materialman's statutes are to be liberally construed for the purpose of protecting laborers and materialmen. *Richardson v. Mid–Cities Drywall,* 968 S.W.2d 512, 514 (Tex.App.-Texarkana, no pet.) (citing *First Nat'l Bank of Dallas v. Whirlpool Corp.,* 517 S.W.2d 262,

269 (Tex.1974); *Hayek v. Western Steel Co.,* 478 S.W.2d 786, 795 (Tex.1972)). Substantial compliance with the relevant sections of the property code is sufficient to perfect a mechanic's and materialman's lien. *See id.* (citing *First Nat'l Bank v. Sledge,* 653 S.W.2d 283, 285 (Tex.1983)). Section 53.055 of the Texas Property Code is intended to ensure that the owner receives actual notice of an affidavit being filed against his property so that he can take steps to protect himself. *Cabintree, Inc., v. Schneider,* 728 S.W.2d 395, 396–97 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd). The purpose of requiring a lien affiant to give actual notice to the property owner of the lien is, in part, to ensure that a property owner will not be ambushed by recorded liens, the existence of which he is not aware and has no reason to be aware. *See Cabintree,* 728 S.W.2d at 396–97.

■■■ In this case, the purpose of the statute was fulfilled. AAA Plumber's return-receipt "green cards," which were admitted into evidence, confirm that both the property owner and the original contractor received copies of the lien affidavit by certified mail not more than five days after it was filed. AAA Plumber's president testified at trial that he received the signed green cards from the person who he employed to send the claim letter and lien affidavit to DPMC–Briarcliff's predecessor. This evidence demonstrates that section 53.055 of the code was satisfied: the property owner received timely notice of the affidavit. *See* TEX. PROP.CODE ANN. § 53.055 (Vernon Supp.2004). Although the notice of the affidavit was sent before the affidavit was actually filed, the contents of the affidavit comply with section 53.054 of the code. *See* TEX. PROP.CODE ANN. § 53.054 (Vernon Supp.2004). Furthermore, the lien affidavit sent to DPMC–Briarcliff was an exact copy of the lien affidavit that was filed with the county

clerk, and the filing of the affidavit with the clerk occurred within a few days of the notice being sent to DPMC–Briarcliff.

We hold that the trial court's judgment is contrary to the great weight and preponderance of the evidence. The record demonstrates that AAA Plumbers established all necessary elements for perfecting a lien. *See* TEX. PROP.CODE ANN. § 53.051–53.054 (Vernon 1995 & Supp. 2004). AAA Plumbers is therefore entitled to foreclosure. AAA Plumbers' second issue is sustained.

We reverse the take-nothing judgment and remand to the trial court.

Dissenting Opinion by Justice HINOJOSA.

Dissenting Opinion by Justice HINOJOSA.

The majority concludes that the evidence in this case is factually sufficient to establish that appellee received actual notice that a lien affidavit was filed against his property pursuant to section 53.055 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 53.055 (Vernon Supp.2004). Section 53.055 provides, in relevant part:

A person who files an affidavit must send a copy of the affidavit by registered or certified mail to the owner or reputed owner at the owner's last known business or residence address not later than the fifth day after the date the affidavit is filed with the county clerk.

*Id.* In interpreting this statute, the majority holds: "The statute ... does not require that the lien affidavit actually be filed before notice is sent." Because I disagree with the majority's interpretation, I respectfully dissent.

It is a cardinal rule of statutory construction that we are to give effect to the intent of the legislature. *Fleming Foods of Tex. v. Rylander*, 6 S.W.3d 278, 284

(Tex.1999). If the language in a statute is unambiguous, we must seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex.1994). In applying the plain and common meaning of the language in a statute, courts may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning; such implication is inappropriate when legislative intent may be gathered from a reasonable interpretation of the statute as it is written. *Id.*

Section 53.055 clearly provides: "[a] person who *files* an affidavit" must send notice "no later than the fifth day *after* the date the affidavit is *filed*." TEX. PROP.CODE ANN. § 53.055 (Vernon Supp.2004) (emphasis added). Twice the statute refers to the *filing* of the affidavit. I would hold that section 53.055 requires that a lien affidavit actually be filed before notice is sent.

Because the record in this case shows that notice was sent *before* the affidavit was filed, not *after*, I would hold the evidence is factually insufficient to establish that appellee received the notice required by section 53.055. Accordingly, I would overrule appellant's second issue and address appellant's remaining issue regarding the exclusion of testimony.

Therefore, I respectfully dissent.