Affirmed and Memorandum Opinion filed October 5, 2006








Affirmed and Memorandum Opinion filed October 5, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00485-CV

____________

 

NEW AAA APARTMENT PLUMBERS, INC., D/B/A  AAA PLUMBERS,  Appellant

 

V.

 

DPMC-BRIARCLIFF, L.P., Appellee

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 01-58725

 



 

M E M O R A N D U M   O P I N I O N

Appellant New AAA Apartment Plumbers, Inc. d/b/a AAA
Plumbers (AAAA Plumbers@) appeals from a
summary judgment rendered in favor of appellee, DPMC-Briarcliff, L.P.  We
affirm. 








I. Factual and Procedural
Background

Westbrook Construction, Inc. contracted with AAA Plumbers
to perform services in connection with the renovation of an apartment complex
owned by Briarcliff Housing Development Associates, Inc. (ABriarcliff Housing@).  Under this
agreement, AAA Plumbers was to receive a total of $361,487.48.  Briarcliff
Housing allegedly never paid Westbrook $36,148.75 in retainage regarding AAA
Plumbers= work.  AAA Plumbers
completed the work under the contract, but Briarcliff Housing refused to
release the $36,148.75.  AAA Plumbers then filed a lien affidavit and claim
against the real property for the unpaid amount.  Subsequently, Briarcliff
Housing sold the property to appellee DPMC-Briarcliff, L.P. (ABriarcliff, L.P.@).  AAA Plumbers
brought suit against both Briarcliff Housing and Briarcliff, L.P. for the
$36,148.75.  

Briarcliff, L.P. filed a no-evidence motion for summary
judgment.  The trial court denied the motion.  At trial, Briarcliff, L.P.
argued that AAA Plumbers failed to give Briarcliff, L.P. proper notice of the
claim or the filed affidavit.  Following a bench trial, the trial court agreed
and rendered a take-nothing judgment against AAA Plumbers, discharging the
lien. On appeal, the Corpus Christi Court of Appeals held that the mechanics= lien was
perfected.  New AAA Apartment Plumbers, Inc. v. DPMC‑Briarcliff, L.P.,
145 S.W.3d 728, 730 (Tex. App.BCorpus Christi 2004, no pet.).  That court
also held that the evidence supporting the  trial court=s finding that AAA
Plumbers did not give proper notice factually insufficient, and reversed the
judgment of the trial court, remanding the case.  Id. 








On remand, Briarcliff, L.P. discovered that a payment bond
had been filed in connection with the renovation project.  Without objection,
Briarcliff, L.P. amended its answer to include the affirmative defense that AAA
Plumbers= claim was barred
based on the posting of a statutory payment bond (the ABond@).  Briarcliff,
L.P. then filed a traditional motion for summary judgment on this ground, citing
the Texas payment bond statute.  To support its motion, Briarcliff, L.P.
attached a certified copy of the Bond and the affidavit of Dan Darilek, the
president of Briarcliff L.P.=s general partner.  The trial court granted
summary judgment in Briarcliff, L.P.=s favor and later
denied AAA Plumbers= motion to reconsider, and motion for new
trial. 

II.  Issues Presented

AAA Plumbers asserts that the trial court erred in granting
Briarcliff, L.P.=s motion for summary judgment for the
following reasons: 

(1)     The affidavit in support of Briarcliff, L.P.=s motion is defective as it does
not state it is based on the affiant=s personal knowledge, nor does it contain a statement that
all facts are true and correct. 

(2)     The Bond was not filed in compliance or
attempted compliance with the requirements of the Texas Property Code and
therefore did not afford Briarcliff, L.P.  the statutory protections.

(3)     Briarcliff, L.P. is judicially estopped from
asserting the existence of the Bond. 

 

III. Standard of Review

In reviewing a traditional motion for summary judgment, we
take as true all evidence favorable to the nonmovant, and we make all
reasonable inferences in the nonmovant=s favor.  Dolcefino
v. Randolph, 19 S.W.3d 906, 916 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  If the movant=s motion and
summary‑judgment evidence facially establish its right to judgment as a
matter of law, the burden shifts to the nonmovant to raise a genuine, material
fact issue sufficient to defeat summary judgment.  Id.

IV.  Analysis

A.      Is the affidavit attached
to Briarcliff, L.P.=s motion for summary judgment defective? 

 








In its first
issue, AAA Plumbers contends that the trial court erred by granting Briarcliff,
L.P.=s motion for
summary judgment because the affidavit of Dan Darilek filed in support of
Briarcliff, L.P.=s motion does not state that it is based
on the affiant=s personal knowledge, or that the facts are true and
correct.  Briarcliff, L.P. responds that AAA Plumbers waived this complaint on
appeal because it lodged no objection at trial. 








Objections to defects in the form of an affidavit must be
made in the trial court, and the opposing party must have the opportunity to
amend the affidavit. Tex. R. Civ. P. 166a(f). 
The failure to obtain a ruling on an objection to the form of the affidavit
waives the objection.  Thompson v. Curtis, 127 S.W.3d 446, 450 (Tex.
App.CDallas 2004, no
pet.).  Conversely, defects in the substance of an affidavit are not waived by
the failure to object or obtain a ruling, and these objections may be raised
for the first time on appeal.  McMahan v. Greenwood, 108 S.W.3d 467, 498
(Tex. App.CHouston [14th Dist.] 2003, pet. denied).  AAA Plumbers= complaint on
appeal goes to the form, rather than the substance of the affidavit.  See
Coastal Terminal Operators v. Essex Crane Rental Corp., No. 14-02-00627-CV,
2004 WL 1795355, at *8  (Tex. App.CHouston [14 Dist.]
Aug. 12, 2004, pet. denied) (mem. op.) (concluding that failure to object that
an affidavit fails to set forth that the facts therein are true and correct
waives any error on appeal).  Failure to object at the trial‑court level
that an affidavit does not state that it is based on the affiant=s personal
knowledge and obtain a ruling waives the objection on appeal.  Id. 
Thus, by failing to timely assert its objection in the trial court and obtain a
ruling, AAA Plumbers waived any complaint that the affidavit fails to state
that it is based on personal knowledge.  See id. , at *8; see also
Youngblood v. U.S. Silica Co., 130 S.W.3d 461, 468‑69 (Tex. App.CTexarkana 2004,
pet. filed) (holding objection based on affidavit's failure to explicitly state
that statements therein were Atrue and correct@ and within
affiant=s personal
knowledge was waived by failure to object and obtain ruling in the trial
court).[1] 
We overrule AAA Plumbers= first issue.[2]


B.      Was the payment bond filed
in compliance or attempted compliance with the requirements of section 53.202
of the Texas Property Code?

In its second issue, AAA Plumbers contends that the trial
court erred in granting summary judgment because the Bond was not a valid
statutory payment bond as it was not filed in compliance or attempted
compliance with the requirements set forth in the Texas Property Code. See Tex. Prop. Code Ann. ' 53.202 (Vernon
2005) (setting forth the statutory requirements for a valid bond).

In Texas, all payment bonds obtained for private
construction projects must conform with the criteria set forth in section
53.202 of the Texas Property Code. See Laughlin Envir., Inc. v. Premier
Towers, L.P., 126 S.W.3d 668, 671 (Tex. App.CHouston [14th
Dist.] 2004,  no pet.).  Under this section, a statutory payment bond must have
the following features:

(1)     It must be in a penal sum at least equal to
the total of the original contract amount;

(2)     It must be in favor of the owner;

(3)     It must have the written approval of the
owner endorsed on it;

(4)     It must be executed by:

(A)     the original contractor as principal; and








(B)     a corporate surety authorized and admitted
to do business in this state and licensed by this state to execute bonds as
surety; and

(5)     It must be conditioned on prompt payment for
all labor, subcontracts, materials, specially fabricated materials, and normal
and usual extras not exceeding 15 percent of the contract price.

 

See
Tex. Prop. Code ' 53.202.  If a
payment bond meets the statutory requirements, a claimant may not file lien
claims against the property owner or seek foreclosure of the claimant=s lien on the
owner=s property.  See
Tex. Prop.Code ' 53.201.  Instead
of looking to the property, claimants must look to the payment bond.  See
id. at ' 53.201(b).  AAA Plumbers contends that the Bond is
invalid because it was not filed in compliance with the fifth requirement above
in that it fails to state that it is Aconditioned on
prompt payment for all labor, subcontracts, materials, specially fabricated
materials, normal and usual extras not exceeding 15 percent of the contract
price.@ See  Tex. Prop. Code ' 53.202 (5). 

Although the requirements of section 53.202 are mandatory
for a statutory payment bond, the Texas Property Code does not require perfect
compliance.  See id. at ' 53.211 (allowing for a nonconforming
payment bond to be treated as a conforming one as long as there is Aattempted
compliance with [subchapter I of Chapter 53 of the Texas Property Code]@ or the bond
evidences by its terms an Aintent to comply with [subchapter I of
Chapter 53 of the Texas Property Code]@); see also
Laughlin, 126 S.W.3d at 671. Section 53.211(a) of the Property Code,
entitled AAttempted Compliance,@ states as
follows:

A bond shall be construed to comply with this subchapter, and the
rights and remedies on the bond are enforceable in the same manner as on other
bonds under this subchapter, if the bond:

(1) is furnished and filed in attempted compliance with this
subchapter; or

(2) evidences by its terms intent to comply with this subchapter

 








Tex. Prop. Code Ann. ' 53.211 (Vernon
2005).  For a property owner to reap the benefits of section 53.211 and thereby
enjoy the protections it affords, there must be a bona fide attempt to comply
with the statute=s requirements. See Sherwin‑Williams
Co. v. American Indem. Co., 504 S.W.2d 400, 402‑03 (Tex. 1973)
(holding bond was not entitled to the benefit of predecessor statute to section
53.211, even though bond explicitly stated that the parties intended to comply
with the Hardeman Act); Staff Indus., Inc. v. Hallmark Contracting, Inc.,
846 S.W.2d 542, 550‑51 (Tex. App.CCorpus Christi
1993, no writ) (holding party could not obtain benefits of section 53.211
because terms of bond indicated intent to comply with McGregor Act, rather than
with Hardeman Act); Sentry Ins. Co. v. Radcliff Materials of Texas, Inc.,
687 S.W.2d 437, 440‑41 (Tex. App.CHouston [14th
Dist.] 1985, no writ) (holding terms of bond showed no attempt or intent to
comply with section 53.202 of the Texas Property Code).   In civil cases, an Aattempt@ ordinarily means Aan intent combined
with an act falling short of the thing intended.@  See Laughlin,
126 S.W.3d at 671.

 In this case, the only evidence attached to Briarcliff,
L.P.=s motion for
summary judgment is the Bond, the contract between DPMC-Briarcliff Housing
Development Associates, Inc. and Westbrook (which is incorporated into the
Bond), and an affidavit in support of the payment bond.  The Bond itself is the
only summaryBjudgment evidence that is material to the issue of
facial compliance with the statutory requirements set forth in section 53.202. 
Therefore, the proper inquiry is whether the Bond, by its terms, evidences an
intent to comply with the statutory payment‑bond provisions.








In this case the Bond=s penal sum is:
(1) equal to the total of the original contract amount; and the bond is: (2) in
favor of the owner; (3) endorsed by the owner; (4) executed by the original
contractor (Westbrook) as principal; (5) executed by a surety licensed by Texas
to execute bonds; and (6) conditioned on prompt payment for all labor and
material used or reasonably required for use in the performance of the original
contract.  See Fondren Const. Co., Inc. v. Briarcliff Housing Development
Assoc., Inc., DPMC-Briarcliff, L.P., 196 S.W.3d 210, 212B13 (Tex. App.CHouston [1st
Dist.] 2006, no pet.).  The only terminology that the Bond is missing is the
language in section 53.202(5), which states that the bond must be Aconditioned on
prompt payment . . . not exceeding 15 percent of the contract price.@   

This omission notwithstanding, the Bond contains certain
recitations one would expect to see if it were intended to be construed as a
statutory payment bond.  For example, the Bond specifically includes the
following language: AApproved for filing in compliance with
Sections 53.201 et seq (sic) of the Texas Real Property Code, added by acts of
the Regular Session of the 68th Legislature, 1983.@  Cf. Laughlin,
126 S.W.3d at 673 (concluding that one of the reasons that the bond in
question did not reflect proper attempted compliance was because it did not
recite that it was issued under sections 53.20-53.211).  A bond tends to show
an intent to comply when, as in this case, the face of the bond makes reference
to the statute and displays compliance with the requirements of section 53.202
of the Texas Property Code.  Likewise, it is reasonable to expect that a bond
intended to fall within the statutory payment‑bond provision would use statutory
terminology, such as Aprompt payment@ or make reference
to the A15 percent@ in section
53.202(5).  See Laughlin, 126 S.W.3d at 673.  In this case, the Bond
uses the statutory terminology of Aprompt payment@ in section
53.202(5).  Id. at 673 (finding that one of the reasons that the bond at
issue did not attempt to comply is because it failed to use statutory language
such as Aprompt payment@ or make reference
to the A15 percent@ in section
53.202(5)).








We conclude that the Bond does not contain a substantial
defect, and the record demonstrates that there was attempted compliance with
the payment‑bond provisions in section 53.202.  Therefore, section 53.211
may be invoked to enforce the Bond just as with any other valid payment bond.  See
Tex. Prop.Code ' 53.211 (stating a
bond shall be construed to comply if it is furnished and filed in attempted
compliance; or evidences by its terms intent to comply); Sherwin‑Williams
Co., 504 S.W.2d at 402B03 (holding that a Asubstantial@ defect in the
penal sum of the bond conclusively rebuts any argument that the bond was
furnished and filed in attempted compliance with section 53.202).  Briarcliff,
L.P. is entitled to enforce the protections afforded by the filing of a
statutory bond.  The trial court properly granted summary judgment on this
basis.  Thus, we overrule AAA Plumbers= second issue. 

C.      Is Briarcliff, L.P. judicially
estopped from asserting the payment bond defense? 

In its third issue, AAA Plumbers contends that the trial
court erred in granting summary judgment because Briarcliff, L.P. is judicially
estopped from asserting the payment bond defense.  AAA Plumbers misapplies the
doctrine of judicial estoppel.

The elements of judicial estoppel under Texas law are (1) a
sworn, prior inconsistent statement made in a judicial proceeding; (2) which
was successfully maintained in the prior proceeding; (3) not made inadvertently
or by mistake, or pursuant to fraud or duress; and (4) which is deliberate,
clear, and unequivocal.  Long v. Knox, 291 S.W.2d 292, 295 (Tex. 1956);
Huckin v. Joseph P. Connor and Stern, Flanz, Carnley and Wilson, P.C., 928
S.W.2d 180, 182‑83 (Tex. App.CHouston [14th
Dist.] 1996, no writ).  The essential function and justification of judicial
estoppel is to prevent the use of intentional self‑contradiction as a
means of obtaining an unfair advantage.  The primary purpose of the doctrine is
not to protect litigants, but rather to safeguard the integrity of the
judiciary.  Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th
Cir.1988).








 First, judicial estoppel could not apply in this case
because no statement upon which  AAA Plumbers relied was sworn. In support of
its argument that Briarcliff, L.P. made a sworn, prior inconsistent statement,
AAA Plumbers directs the court to Briarcliff, L.P.=s answer and
amended answer.  These pleadings were not sworn.  Second, even if a sworn
pleading were not required, Briarcliff, L.P. did not successfully maintain an
inconsistent position in a prior proceeding.  In the first trial, Briarcliff,
L.P. asserted lack of adequate notice.  Although Briarcliff, L.P.  prevailed in
the trial court, the Corpus Christi Court of Appeals reversed this judgment
based on factual insufficiency.  See New AAA Apartment Plumbers, Inc.,
145 S.W.3d at 730.  On remand, Briarcliff, L.P. asserted a payment bond
defense.  At that point, Briarcliff, L.P., had not yet succeeded on any
position, much less an inconsistent one.

For AAA Plumbers to prevail on a judicial estoppel theory,
the record must demonstrate that Briarcliff, L.P. successfully maintained an
inconsistent position in a prior proceeding.  Because estoppel bars a party
from adopting an inconsistent position at a judicial proceeding if it has
successfully maintained a position in a prior judicial proceeding, the doctrine
applies only in a subsequent action or proceeding, and does not apply to a
contrary position taken within the same proceeding.  An appeal from a prior or
former proceeding is not a Asubsequent action.@  Vinson &
Elkins v. Moran, 946 S.W.2d 381, 396B97 (Tex. App.CHouston [14th
Dist.] 1997, writ dism=d by agr.); see Steffan v. Steffan, 29
S.W.3d 627, 631B32 (Tex. App.CHouston [14 Dist.]
2000, pet. denied).  The action before this court is not a Asubsequent action;@ it is merely part
of the same proceeding that was before the Corpus Christi Court of Appeals when
it remanded the case back to the trial court for a new trial.  Finally,
Briarcliff, L.P.=s payment bond defense is not an
inconsistent position, but merely an alternative position taken in response to
AAA Plumbers= claim.

The elements of judicial estoppel simply are not
established.  Briarcliff, L.P. was not judicially estopped from asserting the
payment bond as an affirmative defense in this proceeding.  Accordingly, we
overrule AAA Plumbers= third issue.[3]









Having overruled all of AAA Plumbers= issues on appeal,
we affirm the trial court=s judgment. 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Memorandum Opinion filed October 5, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost. 

 









[1]  We note that the first time AAA Plumbers raised this
issue was in its AMotion to Reconsider Summary Judgment, or in the
Alternative, Motion for New Trial.@ 
This issue was not raised in AAA Plumbers=
response to Briarcliff, L.P.=s motion for
summary judgment.  Although the trial court denied AAA Plumbers= motion, there was no separate ruling made as to the
sufficiency of the affidavit attached to Briarcliff, L.P.=s motion. 





[2]  However, even if this issue were preserved, no extrinsic evidence of
authenticity of the Bond was necessary as a condition precedent to
admissibility.  See Tex. R. Evid.
902 (4) (stating that extrinsic evidence of authenticity as a condition
precedent to admissibility is not required as to certified copies of public
records).  Regardless of whether the affidavit is defective, the Bond was
properly before the trial court as summary judgment evidence. 

 





[3]  The only argument that AAA Plumbers raises is that
Briarcliff, L.P. is judicially estopped from asserting the existence of the
Bond. This argument is also the only one that AAA Plumbers raised in its
summary judgment response.  AAA Plumbers did not raise a waiver argument in the
trial court nor assert waiver as a bar to Briarcliff, L.P.=s  assertion of the payment bond defense, nor has AAA
Plumbers asserted or argued waiver in its appellate brief. Thus, the only issue
before us is whether AAA Plumbers was Ajudicially
estopped@ from adding, on remand, the affirmative defense of a
statutory payment bond.