In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-00432-CV
______________________



TRUSS WORLD, INC. AND ALL TEX FINANCIAL, INC., Appellants



V.



ERJS, INC. F/K/A AMERICA'S GREAT HOMES, INC., AMERICA'S GREAT 


HOMES, LTD., AND SURETEC INSURANCE COMPANY, Appellees


 




On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 03-12-08834 CV






 OPINION


 Truss World, Inc. designed and sold trusses, used in residential construction, for
ERJS, f/k/a America's Great Homes, Inc. and America's Great Homes, Ltd. (AGH). AGH
did not pay for some of the trusses, and Truss World filed materialman's liens. AGH filed
a summary motion to remove the liens. See Tex. Prop. Code Ann. § 53.160 (Vernon 2007). 
Bonds to indemnify against the liens were filed, naming Suretec Insurance Company as the
surety. See Tex. Prop. Code Ann. §§ 53.171-53.175 (Vernon 2007). 

 Truss World filed a countersuit against AGH for breach of contract, enforcement of
the liens, and estoppel, and also sued Suretec, the surety on the bonds. All Tex Financial,
Inc., an assignee of Truss World's claims and causes of action, and of accounts receivable
owed by AGH, intervened and also sued AGH for fraud and negligent misrepresentation. 

 Following a bench trial, a money judgment was rendered against AGH based on the 
breach of contract claim. The court concluded Truss World "provided specially fabricated
items/trusses to [AGH]." The trial court found that "Truss World did not send notice to
[AGH] for specially fabricated items as required by the Texas Property Code prior to filing
the Affidavits for Mechanic's and Materialman's Liens." The trial court concluded that
Truss World failed to perfect the liens, and ordered that Truss World and All Tex take
nothing on the bonds. Truss World and All Tex, Inc. appeal that take-nothing judgment. No
other party filed a notice of appeal. No cross-points are presented by Suretec or AGH. 

 The trial court erred in finding that Truss World failed to properly perfect the liens. 
We therefore reverse the part of the judgment that provides appellants take nothing from
Suretec, and remand the case to the trial court to render judgment in favor of appellants on
the bonds. See Tex. R. App. P. 43.3(a).

Original Contractor or Derivative Claimant?


 Appellants argue the notice requirements of section 53.055 apply to an original
contractor. See Tex. Prop. Code Ann. § 53.055 (Vernon 2007). Appellants contend the trial
court erred in not presuming, pursuant to Texas Rules of Civil Procedure 54, that Truss
World gave AGH the required notice under section 53.055 because notice and filing were
pled and not specifically denied. See Tex. R. Civ. P. 54.

 Appellants argue Truss World was not required to comply with section 53.058 of the
Texas Property Code, a provision applicable to derivative claimants. Generally, section
53.058 entitled "Derivative Claimant: Notice for Specially Fabricated Items," states that --
for a lien to be valid for non-delivered specially fabricated items -- a claimant who specially
fabricates material must give the owner notice not later than the 15th day of the second
month after the month in which the claimant receives and accepts the order for the material. 
See Tex. Prop. Code Ann. § 53.058(a),(b) (Vernon 2007); see also § 53.253 (Vernon 2007)
(applicable to residential construction projects). A subcontractor is a derivative claimant; an
original contractor is not. See First Nat'l Bank v. Sledge, 653 S.W.2d 283, 285 (Tex. 1983). 
Truss World asserts it is an original contractor. 

 For the purposes of mechanic or materialman liens, an "original contractor" is "a
person contracting with an owner either directly or through the owner's agent." Tex. Prop.
Code Ann. § 53.001(7) (Vernon 2007). A subcontractor is "a person who has furnished
labor or materials to fulfill an obligation to an original contractor or to a subcontractor to
perform all or part of the work required by an original contract." Id. § 53.001(13). Truss
World contracted directly with the owner of the real property, AGH, to provide trusses to
AGH. 

 AGH and Suretec argue, nevertheless, that Truss World's statement in the lien
affidavits filed with the county clerk, identifying Truss World as a subcontractor, constitutes
a judicial admission that Truss World was in fact AGH's subcontractor. Form requirements
for materialmen's lien affidavits are to be liberally construed; substantial compliance with
the mechanic's and materialmen's lien statute authorizing the lien is sufficient. See generally
Gill Sav. Ass'n v. Int'l Supply, 759 S.W.2d 697, 700-01 (Tex. App.--Dallas 1988, writ
denied) ("The mechanic's and materialmen's lien statutes are to be liberally construed for the
purpose of protecting laborers and materialmen."). We decline to treat the statement in the
lien affidavits as a binding judicial admission, but instead look at the actual relationship of
the parties and the purpose of the statute. 

 Truss World contracted directly with AGH and was an original contractor, not a
subcontractor or derivative claimant. See Tex. Prop. Code Ann. § 53.001(7),(13). As an
original contractor, Truss World was not required to serve additional notices required of a
subcontractor or derivative claimant to perfect a lien claim. 

Section 53.055


 An original contractor must provide the owner notice pursuant to section 53.055 of
the Texas Property Code when filing a lien affidavit. See Tex. Prop. Code Ann. § 53.055
(Vernon 2007). Section 53.055 states in part that "[a] person who files [a lien] affidavit must
send a copy of the affidavit by registered or certified mail to the owner or reputed owner at
the owner's last known business or residence address not later than the fifth day after the date
the affidavit is filed with the county clerk." Id. 

 Requiring a lien affiant to give actual notice to the property owner of the lien ensures
that a property owner will not be ambushed by recorded liens of which he is unaware. New
AAA Apartment Plumbers, Inc. v. DPMC- Briarcliff, L.P., 145 S.W.3d 728, 730 (Tex. App.--Corpus Christi 2004, no pet.). Although section 53.055 requires that notice of a mechanic's
and materialman's lien must be given to the property owner no later than five days after the
affidavit is filed, the statute does not prohibit giving notice before the lien affidavit is filed. 
See Overseas Enters. USA, Inc. v. Whatley, No. 09-07-565 CV, 2008 Tex. App. LEXIS 8523,
at *8 (Tex. App.--Beaumont Aug. 28, 2008, no pet.)(mem. op.); Arias v. Brookstone, 265
S.W.3d 459, 465 (Tex. App.--Houston [1st Dist.] 2007, pet. denied)("[T]he owner . . . can
hardly claim to be hurt when . . . notified in advance of the actual filing of the lien
affidavit."); New AAA Apartment Plumbers, Inc., 145 S.W.3d at 730 (citing Hammons v. Tex.
Pride Landscape, No. 05-99-980-CV, 2000 Tex. App. LEXIS 3025, 2000 WL 567108, at *4
(Tex. App.--Dallas May 10, 2000, pet. denied) (mem. op.)); see also Tex. Prop. Code Ann.
§ 53.055. Substantial compliance with the statute is sufficient to perfect the lien. See First
Nat'l Bank v. Sledge, 653 S.W.2d 283, 285 (Tex. 1983) (predecessor statute). 





Rule 54


 Truss World alleged it would show it "filed and perfected" the liens. Truss World
pled in its petition that, "On or about November 25, 2002, Truss World mailed lien affidavits,
certified mail, return receipt requested, informing AGH of its intent to file liens on the
property to secure its claim on the delinquent payments. And on December 3, 2002 Truss
World filed lien affidavits on the properties." When a party pleads the performance or
occurrence of conditions precedent, the party pleading the conditions precedent is only
required to prove at trial those performances or occurrences that were specifically denied by
the opposing party. Tex. R. Civ. P. 54. Essentially, Truss World's pleading asserted
compliance with its notice obligations. See Tex. Prop. Code Ann. § 53.055; see also Arias,
265 S.W.3d at 465. Appellants were not required to prove notice unless AGH and Suretec
specifically denied appellants gave the notice as pled, or otherwise specifically denied
compliance with section 53.055. See Tex. R. Civ. P. 54.

 AGH and Suretec alleged in their answers that appellants' "failure to properly give
notice as required by the Texas Property Code for specially fabricated items" precluded the
claims, and they asserted appellants did not properly perfect the liens. AGH and Suretec
alleged that the notice did not comply with sections 53.058 and 53.253. Contrary to the trial
court's finding, however, the Property Code provisions dealing with "specially fabricated
items" are inapplicable here, because the Property Code notice requirements for "specially
fabricated items" apply to derivative claimants, not original contractors. See Tex. Prop.
Code Ann. § 53.058. The denial by AGH and Suretec was not a specific denial of notice
under section 53.055. Furthermore, AGH's and Suretec's broad denial in their answers, that
appellants "fail[ed] to properly perfect its liens, pursuant to the Texas Property Code[,]"
failed to specifically state in what way the liens were not "properly perfected." The assertion
did not specifically deny that appellants gave notice as pled by appellants of the filing of the
liens. See generally Wade & Sons, Inc. v. Am. Std. Inc., 127 S.W.3d 814, 825-26 (Tex. App.--San Antonio 2003, pet. denied)(A pleading "specifically denying that all conditions
precedent" to plaintiff's right to recover have "been performed" or "waived" was insufficient
under Rule 54.). 

 Appellants also argue Rule 93(12) of the Texas Rules of Civil Procedure requires that
a plea "[t]hat notice and proof of loss or claim for damage has not been given as alleged"
must be verified by affidavit and that "denial of such notice or such proof shall be made
specifically and with particularity." See Tex. R. Civ. P. 93(12). AGH and Suretec cite Bunch
Electric Company v. Tex-Craft Builders, Inc., 480 S.W.2d 42 (Tex. Civ. App.--Tyler 1972,
no writ) in arguing that verification under Rule 93(12) is inapplicable here. In Bunch
Electric the court held that Rule 93(m), the prior version of Rule 93(12), did not apply to the
procedure applicable under Article 5160 of the Texas Revised Civil Statutes. See Bunch
Electric, 480 S.W.2d at 46. The court held article 5160 provided the procedure and remedy
for presenting a claim against a payment bond on a public contract. See id. at 45-46. 

 In Skinny's Inc. v. Hicks Brothers Construction Company, 602 S.W.2d 85, 90 (Tex.
Civ. App.--Eastland 1980, no writ), the court declined to follow the reasoning in Bunch
Electric. The court applied the Rules of Civil Procedure, specifically Rule 54, and held that
the claimants were required to prove only the conditions precedent specifically denied by the
owner. See id. The owner could not assert, for the first time on appeal, that there was no
evidence of mailing copies of the lien affidavits to the owner by certified mail. The court
explained that "the general contractor and the subcontractor were required to prove only such
conditions precedent as were specifically denied by the owner." Id. 

 In City of Houston v. Flanagan, 446 S.W.2d 348, 349-50 (Tex. Civ. App.--Houston
[1st Dist.] 1969, writ ref'd n.r.e.), a personal injury lawsuit, the court held that Rule 54 and
Rule 93(12)'s predecessor, Rule 93(m), applied to all civil actions. See id. at 350. Although
it seems arguable Rule 93(12) is also applicable to the notice pleading here, we need not
reach that specific issue. The Rules of Civil Procedure, including Rule 54, apply to pleading
requirements in civil actions like this one. See Skinny's, Inc., 602 S.W.2d at 90; Flanagan,
446 S.W.2d at 349-50. Pursuant to Rule 54, appellants were required to prove only the
performances or occurrences of conditions precedent pled that were specifically denied. See
Tex. R. Civ. P. 54; Skinny's, Inc., 602 S.W.2d at 90. 

 Truss World specifically pled performances or occurrences that were conditions
precedent to establish the liens: notice and filing. AGH's and Suretec's denials did not
specifically address the "performances or occurrences" as pled. Appellants were entitled to
rely on their pleadings in the absence of a specific denial of the performances or occurrences
pled. Under the circumstances, notice as pled should have been presumed by the trial court. 
See Tex. R. Civ P. 54. Appellants' issue is sustained. 

Conclusion


 The trial court concluded that Truss World provided the trusses and fully performed
its obligations. The court entered judgment for damages based on breach of contract. No
party contests those conclusions or appeals that award. We reverse only that part of the
judgment providing appellants take nothing from the surety, Suretec. The case is remanded
for the trial court to render judgment on the surety bonds. 

 REVERSED AND REMANDED .

 ___________________________

 DAVID GAULTNEY

 Justice

Submitted on September 8, 2008

Opinion Delivered February 12, 2009


Before Gaultney, Kreger, and Horton, JJ.